### WILBUR v. ABBOT.

*(Circuit Court, D. New Hampshire. October 12, 1880.*

1. SUIT ON FOREIGN JUDGMENT—ALLEGATION OF SERVICE ON NON-RESIDENT DEFENDANTS AND TERMS OF CONTRACT.

In a declaration on a judgment against A. and B., rendered in the fifth district court of the city of New Orleans, a court of general jurisdiction, it was *held:*

(1) That A. and B. being residents of New Hampshire when the judgment was rendered, failure of the plaintiff to allege that they were duly served with notice of the suit, or that they appeared and answered thereto, made the declaration demurrable.

(2) That failure to set forth the terms, nature, or date of the contract on which such judgment was founded, or the place of making such judgment, was no ground of demurrer.

Motion to Amend Declaration.

*Sawyer & Sawyer, Jr.,* for plaintiff.

*S. C. Eastman,* for defendant.

CLARK, D. J. In this case the defendant demurred to the plaintiff's declaration, and assigned several distinct causes therefor, three of which apply to both counts in the declaration and two to the second count. Those which apply to both counts are—*First*, that it appears that the said Edward A. Abbot, at the time of the rendition of said supposed judgment, was, and ever since has been, a citizen and resident of the state of New Hampshire; *second*, that it is not alleged, and it does not appear, that the said E. A. Abbot was duly cited to appear and answer to the said supposed suit, nor that any citation, or other legal process, was issued by or from said Fifth district court to the said Joseph S. and Edward A. Abbot, or either of them, to appear and answer to said supposed suit, or that any process was served upon either of them, or that either of them did appear personally or by attorney; and, *third*, that it is not set forth what are the terms, nature, or date of the supposed contract upon which the supposed judgment was founded, or the place at which the said supposed contract was entered.

Those which apply to the second count alone are, in substance,—*First*, that the second count contains several distinct causes of action; and, *second*, that it is so framed that the defendant is unable to take any single and sufficient issue upon it and in answer thereto. These last two causes of demurrer are substantially the same that were allowed upon a former demurrer in this cause.*

The declaration has not been since amended in this particular, and as the court has not seen any reason to change its opinion they must be allowed now. The demurrer must be sustained also, for that there is no allegation in the declaration that either Edward A. Abbot or Joseph S. Abbot was served with any proper process, citation, or notice of the suit in which the judgment was rendered, or that they appeared or answered thereto. Edward A. Abbot is described as of Concord, in the county of Merrimack, and district of New Hampshire. There is no averment that at the time of the rendition of the judgment, and ever since, he has been, and

now is, a citizen and a resident of said state of New Hampshire. Joseph S. Abbot is dead, and there is no distinct allegation of his residence anywhere, but he is described or alleged to be a partner of Edward, and if any presumption arises it is that he resided where Edward did, to-wit, at Concord. This being so, and there being no allegation of service upon either of the defendants, or of an appearance by either of them, the presumption is that the judgment is a nullity, because the process of the court cannot run beyond its territorial jurisdiction. It is contended that in a court of general jurisdiction, as the court of the Fifth district of the city of New Orleans is alleged to be, all things are presumed to be rightfully and legally done, and so if a judgment be rendered against a person it is presumed to be upon a proper notice; and this is so as to all persons within the jurisdiction of the court, when the proceedings are according to the course of the common law. This was expressly decided in *Galpin* v. *Page,* 18 Wall. 351. But the same case holds that this presumption is limited to the jurisdiction over persons residing within their territorial limits, and over proceedings which are in accordance with the course of the common law. The Abbots residing in New Hampshire when the judgment was rendered, no presumption can arise that they were duly served with notice of the suit in which the judgment was rendered, or that they appeared and answered thereto, for the reason that the Fifth district court of the city of New Orleans is a court of general jurisdiction; nor are the proceedings of said court according to the course of the common law. The only remaining cause of demurrer must be overruled. If the Fifth district court of the city of New Orleans was a court of general jurisdiction, it would not be necessary to state the term, nature, or date of the contract, nor where it was entered into, in order to give the court jurisdiction. Being a personal action it would follow the person.