KERCHNER & CALDER BROS. *v.* FRAZIER & BRO.

| 108 | 437 |
| f107 | 223 |
| 105 | 437 |
| 112 | 526 |
| 106 | 437 |
| 118 | 297 |
| 106 | 43✓ |
| 130 | 559 |

A decree in chancery, when offered in evidence to prove collaterally that such decree was made, is admissible, although not accompanied with the record in the case. But when offered to establish any particular state of facts, or as an adjudication upon the subject-matter, such decree is only admissible in evidence when accompanied with a complete and duly authenticated copy of the proceedings in which such decree was rendered.

Argued November 18, 1898. — Decided February 4, 1899.

Levy and claim. Before C. C. Kibbee, judge pro hac vice. Dodge superior court. May 17, 1898.

*DeLacy & Bishop*, for plaintiffs. *J. H. Martin*, contra.

LITTLE, J. An execution issued in favor of the plaintiffs in error on a judgment rendered May 6, 1884, against J. J. Frazier and Hines, and on the 30th day of May, 1885, was levied upon lot number forty-six, and thirty-three acres in the southwest corner of lot 144 in the 19th district of Dodge county, as the property of J. J. Frazier. A claim was interposed by W. H. Frazier & Brother. At the trial, plaintiffs in execution made out a prima facie case by the introduction of the execution and evidence that the defendant in fi. fa. was in possession

at the time of the levy.    Claimants introduced evidence to the
effect that at the time of the rendition of the judgment they
were in possession of the lands in dispute, and J. J. Frazier was
not in possession, either then or subsequently.    Claimants also
offered in evidence a certified copy of a verdict and decree ren-
dered in Pulaski superior court, purporting to reform a certain
deed dated Dec. 14, 1883, wherein J. J. Frazier was grantor
and W. H. Frazier & Brother grantees, conveying lot of land
No. 45 in the 19th district of Dodge county, subject to certain
mortgages made by J. J. Frazier to W. C. Jackson, so as to
properly describe the land conveyed as lot No. 46, instead of lot
No. 45, and as 33 acres in the southwest corner of lot 134 in
the 19th district of Dodge county.    The admissibility of the
copy verdict and decree was objected to; the objection was over-
ruled, and the certified copies admitted as evidence.    Claim-
ants then introduced the aforedescribed deed, and closed; and
there being no further testimony, the court directed a verdict
for the claimants.    Error is assigned upon the ruling of the
court admitting the evidence, and the direction of the verdict.
The only question which it is necessary to consider is, whether
the verdict and decree were properly admitted in evidence.    As,
in our opinion, this evidence was inadmissible, it of course be-
comes unnecessary to further refer to the error assigned to the
action of the court in directing the verdict.    The objections
made at the trial to the introduction of the evidence offered
were, that it was not binding upon the plaintiffs in fi. fa.,
because neither J. J. Frazier, defendant in fi. fa., nor the plain-
tiffs in fi. fa., were made parties; and further, because plaintiffs'
judgment was obtained in 1884, and the land was levied upon
in 1885; and also, because the pleadings and the record upon
which the decree was founded do not accompany the verdict and
decree, and if they did, such record would show that neither the
plaintiffs in fi. fa. nor the defendant in fi. fa. were parties to
the decree.

We have no difficulty in disposing of any of the questions
so raised, except the last, that is, that the verdict and decree
were admitted in evidence without being accompanied with the
record in the case.    The deed to the claimant, made by J. J.

Frazier, described the land conveyed as lot No. 45, in the 19th district of Dodge county. If in fact an error was made in the description of the lot conveyed, and it was the intention of the grantor to convey, and of the grantee to have, under his deed, lot No. 46, then it was perfectly competent for a court of equity having jurisdiction to reform the deed so as to make it speak the truth; and after such reformation the deed would take-effect from its date as conveying the proper lot, and it was not necessary that any other parties should have been made to the proceedings instituted to reform such deed, than the parties thereto. A court of equity, upon proper proofs, can and will reform a deed, and make it speak what the parties really intended, not only as between the parties, but against everybody else but bona fide purchasers without notice; and a judgment creditor is not such a purchaser. *Lowe* v. *Allen*, 68 *Ga.* 227, citing 7 *Ga.* 383; 13 *Ga.* 88; 40 *Ga.* 535; 62 *Ga.* 413. In the case of *Phillips* v. *Roquemore*, 96 *Ga.* 719, it was held, that "Equity will correct a mistake in a mortgage, whereby property intended to be included therein was inadvertently omitted, even after the mortgage has been foreclosed and the property described in it has been levied upon and sold under the mortgage fi. fa.; and after such correction, the lien of the mortgage on the omitted property will be superior in dignity to that of a judgment obtained after the mortgage was originally executed and before its reformation." The court ruled in that case that there was no protection to judgment creditors nor to any others than bona fide purchasers for value without notice. It seems to us, therefore, that these objections to the admissibility of the verdict and decree were not sound. The further objection is made, however, that the verdict and decree were not accompanied with the record in the case. In his treatise on the Law of Evidence, Judge Taylor lays down the rule to be that: "If a decree in chancery is offered, merely to prove that it was in fact made, here, as in the case of verdicts, no proof of any other proceeding is required; but if a party intends to avail himself of a decree, as an adjudication upon the subject-matter, he must generally prove, not only the decree, but also the pleadings upon which it was founded; since, without such proof, it

may be impossible either to understand the decree itself, or to ascertain with certainty what disputed questions it decided." Vol. 3, § 1574 a.   Mr. Greenleaf, in his treatise on Evidence, vol. 1, § 511, treating this subject, says, " The general rule is that where a party intends to avail himself of a decree as an adjudication upon the subject-matter, and not merely to prove collaterally that the decree was made, he must show the proceedings upon which the decree was founded.   ' The whole record,' says Chief Baron Comyns, ' which concerns the matter in question, ought to be produced.' "   Citing Comyns' Dig. title Evidence; 2 Phil. Evid.

To the same effect are the decisions of our own court.   In the case of *Mitchell* v. *Mitchell*, 40 *Ga.* 11, this court ruled that a copy of the verdict in an equity cause, unaccompanied by the bill and answer and other parts of the record, is not evidence.   In the case of *Gibson* v. *Robinson*, 90 *Ga.* 756, Justice Lumpkin, delivering the opinion of the court, clearly expresses the rule on this subject in the following language: " It is well recognized as a general rule, that where a judgment is relied on as an estoppel, or as establishing any particular state of facts of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the entire proceedings in which the same was rendered. But where the only direct object to be subserved is to show the *existence and contents* of such judgment, this rule does not apply, and a certified copy of the judgment entry of a court of record possessing general original jurisdiction is admissible, by itself, to prove rendition and contents."   It is 'true that in this last case the court ruled that the judgment without the record was admissible; and that ruling was right, as it was offered and admitted only to show the rendition and contents of the judgment.   Under these rules, it would seem that the decree was not admissible of itself.   It was offered to show that the superior court of Pulaski county, exercising chancery jurisdiction, with proper parties before it, decreed the reformation of a deed, the effect of which was to vest in the claimants title to property which was not in terms conveyed by the deed.   The object of the claimants was to avail themselves of this decree

as an adjudication that the grantor in his deed intended thereby to convey different land than was therein described ; and in order for the decree to have such effect, it was necessary that proper parties should have been made to such proceeding, and the decree be founded upon proper pleading with all the necessary allegations. It was not for the purpose of merely proving that the decree was made. That would have been a collateral matter. But it was for the purpose of showing, as a matter of title, which was the direct issue involved, that by adjudication it had been determined that the deed, relied on by the claimants to show their title, in fact conveyed to them a different lot than that set out and described. For it to have had this effect, it was necessary that the whole record should have been introduced, so as to definitely show not only the decree of the court, but that from the joinder of parties and the necessary allegations the court was authorized to make the decree. Inasmuch as, in our judgment, the decree, standing alone, was not admissible for the purposes offered, the court erred in allowing it to go to the jury.

<em>Judgment reversed. All the Justices concurring.</em>