## LITTLE ROCK COOPERAGE COMPANY *v.* HODGE,

### and *vice versa.*

1. Where suit is brought in this State upon a judgment rendered in a sister State, a plea of general denial is equivalent, under the code system of pleading, to a plea of nul tiel record. This plea denies the existence of the record of such a judgment as is declared on, and is fully met by legal proof of such a record.

2. In the trial of such a suit it is not necessary to introduce an authenticated copy of the record of the entire proceedings, but a prima facie case is made out by the introduction of a properly authenticated copy of the judgment itself.

3. Where it appears from the record introduced that the judgment sued on was rendered against but one of three persons sued jointly as partners, the other two not having been served, the judgment is not for that reason shown to be void on the face of the record and inadmissible in evidence.

4. The other points presented for decision are dealt with in the opinion.

Argued December 8, — Decided December 21, 1900.

Action on foreign judgment. Before Judge Smith. Pulaski superior court. August term, 1900.

*W. L. Grice & Sons,* for plaintiff.　　*J. H. Martin,* for defendant.

SIMMONS, C. J. The record discloses that the Little Rock Cooperage Company brought an action against Hodge, in the superior court of Pulaski county, of this State, upon a judgment which it alleged it had obtained against him in a court of record in the

State of Arkansas, that court being a court of general jurisdiction, wherein plaintiff had sued Holmes, Orem, and Hodge, partners under the firm name of Holmes & Co. It further alleged that no service had been had upon Holmes or upon Orem, but that Hodge had been duly served and had appeared both in person and by attorney; that on January 13, 1897, in the circuit court of Pulaski county, Arkansas, a verdict and judgment had been rendered against Hodge for a certain specified amount in favor of plaintiff; that Hodge is a resident of Pulaski county, Georgia; that the judgment is still due to plaintiff and unpaid. A copy of the verdict and judgment was referred to in the petition and attached thereto as an exhibit. There were prayers for judgment against Hodge, and for process and service. To this petition Hodge filed a general denial of all the allegations therein, except that he was a resident of the county of Pulaski, Georgia, which he admitted. The case was submitted to the judge without the intervention of a jury, and on the trial before him the plaintiff offered in evidence a copy of the record of the verdict and judgment sued upon. To this the defendant objected. The copy offered was as follows:

IN THE PULASKI CIRCUIT COURT, SECOND DIVISION.

State of Arkansas, ⎰
County of Pulaski. ⎱ ss. Be it remembered that on the 13th day of January, 1897, a day of the September term, 1896, of the Circuit Court of said county, the Honorable Joseph W. Martin, Judge of the Second Division of said court, being present and presiding, the following proceedings were had, to wit:

Little Rock Cooperage Company, Plaintiff,

*vs.*

B. Holmes, J. S. Orem and M. T. Hodge,

partners under the firm name of Holmes & Co., Defendant.

Comes said plaintiff by its attorney, P. C. Dooly, Esq., and the said defendant, M. T. Hodge, in person and by his attorney, J. M. Rose, Esq., and it appearing that no service has been had upon the other defendants herein, and both parties announcing themselves ready for trial, thereupon comes a jury of twelve good and lawful men, qualified electors of Pulaski county, who were duly selected, empaneled and sworn, and having heard the evidence adduced, argument of counsel, and instructions of the court, retired in charge

of a deputy-sheriff to consider of their verdict, and after a short absence returned into court the following verdict, viz.: We, the jury, find for the plaintiff in the sum of $260.27. H. G. Martin, Foreman. It is therefore considered, ordered, and adjudged by the court that the said plaintiff, the Little Rock Cooperage Company, do have and recover of and from the said defendant, M. T. Hodge, the said sum of two hundred sixty and 27/100 dollars, together with all its costs herein expended, and have execution therefor.

State of Arkansas, )
County of Pulaski. ) ss.  I, Horace G. Dale, Clerk of the Circuit Court in and for said county, do hereby certify that the annexed and preceding page contains a true, complete, and perfect transcript of the final judgment of said court in the case of the Little Rock Cooperage Company vs. Holmes and Co., as the same now appears of record in my office in Circuit Court Record No. 15, Second Division, on page 598. In testimony whereof I have here-

[Seal of the Circuit          unto set my hand and affixed my official
       Court of               seal, this 9th day of June, A.D. 1897.
   Pulaski County,            [Signed]          Horace G. Dale,
     Arkansas.]                        Clerk of the Circuit Court.

State of Arkansas, )
County of Pulaski. ) ss.  I, Joseph W. Martin, sole and presiding judge of the Second Division of the Circuit Court of said county, do hereby certify that Horace G. Dale, whose genuine signature is subscribed to the above certificate, is now, and was at the time of his signing the same, the duly elected, commissioned, qualified, and acting clerk of the Circuit Court in and for said county, that to all his official acts full faith and credit are and of right ought to be given, and that his said certificate is in due form of law. In testimony whereof I have hereunto set my hand and affixed my private seal, this 10th day of June, 1897.

                    [Signed]          Joseph W. Martin, [SEAL.]
        Judge of the Second Division, Pulaski County Circuit Court.

State of Arkansas, )
County of Pulaski. ) ss.  I. Horace G. Dale, Clerk of the Circuit Court in and for said county, do hereby certify that the Honorable Joseph W. Martin, whose genuine signature is subscribed to the foregoing certificate, is now, and was at the time of signing the same, the duly elected, commissioned, qualified, and acting Judge of the

Second Division of the Circuit Court of said county, and the sole and presiding Judge thereof, that to all his official acts full faith and credit are and of right ought to be given, and that his said certificate is in due form of law.    In testimony whereof I have [Seal of the Circuit    hereunto set my hand and affixed my offi-
Court of    cial seal, this 10th day of June, A. D. 1897.
Pulaski County,    [Signed]    Horace G. Dale,
Arkansas.]    Clerk of the Circuit Court,
Pulaski County, Ark.

The objections to the introduction of this evidence, urged by the defendant, were as follows: "1st. The alleged record is not complete, for that no copy of the plaintiff's petition or declaration, or defendant's answer, or any return of any officer of service, or waiver of service, or process, is attempted to be set forth, and a transcript of the entire record is essential under the law.    2d. The alleged copy record, the verdict and judgment of the court, is on a separate sheet of paper from the certificate.    A part of the sheet on which the alleged copy record is set forth is in writing, and a part is printed, and the paper is entirely different from the paper on which the certificates are written, and the sheet on which appears the copy record is attached to the sheet on which is the certificates, and there is no seal or other mark of identification on the sheet on which appears the copy record, and the seal of the court should be upon the record itself, and the attaching of the seal to the certificates on a different sheet of paper, as is done here, is not sufficient in law to verify the copy records so as to admit the same in evidence.    3d. The certificate of the clerk verifying the record alleges that the transcript was in the case of the Little Rock Cooperage Company *vs.* Holmes and Co., without more, and this is not a definite and full enough description to connect defendant with suit, it not appearing who composed the firm of Holmes and Co., and the certificate is not corresponding with the record in description of the case, and the certificate does not say it is a full and complete copy of all the record. 4th. The judge's certificate does not, and the clerk's certificate does not, show that the clerk signing the certificate was the chief clerk, but simply acting clerk.    5th. The verdict of the jury is against all the defendants sued,— B. Holmes, J. S. Orem, and M. T. Hodge, partners under the firm name of Holmes and Co.; and the judgment does not follow the verdict, being against M. T. Hodge indi-

vidually and alone, and is therefore inadmissible, for there is no verdict to sustain the judgment, and the judgment sued upon is shown to be null and void by the record itself. 6th. The judgment is not signed by any one, and no evidence that minutes were signed, or what the law of Arkansas was, or is, in respect to signing judgments, or the minutes of court, and unless this is done the same are not admissible, for that the common-law requirements are by our law presumed to control. 7th. It is not sufficient to have a certificate of the result in cases like the present. The whole record, so far as it concerns the formal stages, must be either produced or exemplified, the exemplification must show on the face that the record is complete, and the clerk's certificate does not pretend to aver that it is a complete copy of the entire record, but only of the judgment."

The court ruled that there was not enough of the record certified, but that he would admit the exemplification for what it was worth. The plaintiff read the record of the verdict and judgment to the jury, and closed. The defendant moved for a nonsuit which was granted. The plaintiff excepted, and brings to this court for review the judgment granting the nonsuit. The defendant filed a cross-bill of exceptions, assigning error upon the admission in evidence of the copy of the record of the verdict and judgment.

1, 2. It was argued by counsel for the defendant in error, that the plea filed by him, which was a general denial of all of the allegations of the petition except that as to his residence, amounted to a plea of nul tiel record, and that where a plea of that character is filed it is necessary for the plaintiff to introduce an exemplification of the entire record, before the judgment is admissible in evidence, and before a recovery thereon can be had. We agree with him in his contention that the general denial filed was equivalent, under the system of code pleading which now prevails in this State, to a plea of nul tiel record. We differ with him, however, as to the effect of such a plea in a case of this kind. Where suit is brought in this State on a judgment rendered in a court of a sister State, and in that suit a plea of general denial or nul tiel record filed, we think it is only necessary for the plaintiff to show a properly authenticated copy of such a judgment. In this case the petition set out only the verdict and judgment, and not the entire proceedings. The plea of general denial applied only to the allegations in the peti-

tion, and was, therefore, to the effect that there was no such judgment of record in the court named as was declared on in the petition.   This plea could not be construed as calling for the record of the entire proceedings, but simply for legal and proper evidence of the verdict and judgment sued on.   The authorities will be found to differ as to whether a copy of a judgment is admissible without a copy of the entire proceedings in the case in which it was rendered.   Some courts have held that a copy of the entire proceedings is requisite to a proper proof of the judgment..   Others have held that, in certain cases, it is only necessary to introduce a copy of the judgment itself.   The best opinion is, we think, that of those courts which have held that, where the judgment is relied on as an estoppel or as showing the adjudication of some point involved in the suit, it is necessary to introduce a copy of the record of the entire proceedings, in order that the court may determine whether the precise point was decided or adjudicated; but that, where it is desired merely to show the existence and contents of the judgment, as that a money judgment for a certain amount has been rendered in favor of one person against another, it is not necessary to put in evidence more than a properly authenticated copy of the judgment itself.   This distinction was clearly drawn by Mr. Justice Lumpkin in his able opinion in *Gibson* v. *Robinson*, 90 *Ga.* 756. See also the case of Rainey *v.* Hines, 121 N. C. 318, where this matter is discussed and the case of *Gibson* v. *Robinson*, supra, cited with approval; *Kerchner* v. *Frazier*, 106 *Ga.* 437; 13 Am. & Eng. Enc. L. (2d ed.) 1045.   Where one person sues another in a court of competent jurisdiction upon a contract, and the court renders judgment thereon in favor of the plaintiff, that judgment becomes a contract of record.   Civil Code, § 3633.   If such a judgment is rendered by a court of this State and a suit is brought thereon, the judgment may be shown by the production of a copy of the judgment, without a copy of the entire proceedings, for the judgment is a contract of record.   If the judgment is rendered by a court of competent jurisdiction in a sister State and suit brought thereon in this State, the judgment will be treated as being in many respects in the nature of a domestic judgment, and a properly authenticated copy of the judgment itself is sufficient to prove it.   We think that it was, in this case, unnecessary to introduce a copy of the record of the entire proceedings in the Arkansas court.   The copy of the judg-

ment alone was sufficient to show its existence and contents, and was, therefore, of and by itself sufficient to make out a prima facie case for the plaintiff. For these reasons we think that the court erred in granting a nonsuit.

3. What has been said above disposes of some of the objections made to the admission in evidence of the copy of the judgment sued on. Another objection was, that the record showed that the suit was against a partnership composed of three persons, that the verdict was against all three of the partners, and that the judgment was against but one of them, Hodge. The record does show that three named persons were sued as partners, but it further shows that Hodge was the only one of the three who was served, and that he appeared in person and by his attorney. It further shows that the plaintiff appeared by its attorney; that both parties announced themselves ready for trial; that the case was tried before a lawful jury, who heard the evidence, the argument of counsel, and the charge of the court, and returned a verdict as follows: "We, the jury, find for the plaintiff in the sum of $260.27;" and that a judgment was thereupon regularly entered up against Hodge in favor of the plaintiff. The judgment recites these facts. The suit was against three persons sued as partners, two of them were not served, and the suit proceeded against the third. Whether or not the judgment bound the effects of the partnership, it certainly bound the individual property of the partner who was served. Properly construing the verdict and giving it its reasonable intendment under the facts of the case, it meant that the plaintiff should recover against Hodge, the only one of the defendants who had been served and who had appeared in person and by attorney to resist the suit. The verdict was against Hodge alone, and not against the partners who were not served. For these reasons we think that the judgment against Hodge only was not at variance with the verdict, but followed it. The court, therefore, did not err in refusing to exclude the judgment on this ground.

4. Another objection to the admission of the copy of the judgment was that the certificates thereto did not show that the clerk was the chief clerk, but merely the acting clerk. That this objection was not sound, but based on a misconception of the certificates, is, we think, sufficiently shown by the following excerpt from the certificate of the judge: "Horace G. Dale, whose genu-

ine signature is subscribed to the above certificate, is now, and was at the time of his signing the same, the duly elected, commissioned, qualified, and acting clerk of the Circuit Court in and for said county." The clerk was not only acting as such but was also the duly elected, commissioned, and qualified clerk.

Still another objection was that the transcript and the certificates thereto were on different sheets of paper. It appears from the record that there were three different sheets of paper on which the transcript and certificates were written, but it further appears that all of the sheets "were attached together in the usual way at the top by mucilage and also by a brass fastener, or brad, through the top margin of the paper near the center." We think, therefore, that the objection was properly overruled. There were other objections, as above set out, but we do not deem them of sufficient importance to require specific notice. It is sufficient to say that they should, all of them, have been overruled and the evidence admitted.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring, except Fish, J., absent.*