## HIRSCH & COMPANY *v.* LUMBERMEN'S SUPPLY AND EQUIPMENT COMPANY.

1. Where a claimant who dissolves a garnishment by giving the necessary bond, and who receives from the garnishee the amount of the debt admitted in his answer to be due the defendant, files a traverse to such answer, alleging only that the garnishee owes the claimant and does not owe the defendant such debt, *Held:*
   (a) The garnishee has no right to object to such traverse.
   (b) Notice need not be given to the garnishee of the filing of such traverse, as no judgment can be rendered against him upon the trial of the issue made by such answer and traverse. The act of the General Assembly approved December 21, 1897 (Acts 1897, p. 54), does not require notice of a traverse of a garnishee's answer to be given him, except when a judgment may be rendered against him upon the trial of an issue made by his answer and a traverse thereto.
2. When there is an issue pending because of the existence of a traverse filed by a claimant in a garnishment case, he has the right to file a "plea" alleging that the judgment upon which the summons of garnishment issued has been settled, with such rights thereunder as the law gives him upon the trial of such garnishment case.

3. Upon the trial of a garnishment case, to prove the existence of a judgment upon which summons of garnishment was issued, a duly certified copy of such judgment only is sufficient evidence.

Argued, January 9,—Decided April 17, 1908.

Garnishment. Before Judge Cann. Chatham superior court. May 11, 1907.

*Osborne & Lawrence,* for plaintiffs in error.

*Cann, Barrow & McIntire,* and *E. J. Giles,* contra.

HOLDEN, J. The Lumbermen's Supply and Equipment Company, upon a judgment in its favor against M. F. Hennigan, formerly Cummings, had a summons of garnishment issued and served on A. S. Bacon & Sons, requiring them to answer during the December term, 1904, of the court. The December term adjourned on February 25, 1905, and the next term (which was the March term) began on March 5, 1905. The garnishees filed their answer on February 17, 1905, admitting an indebtedness to the defendant and stating that they had paid such indebtedness to the claimants, Charles S. Hirsch & Co., who filed a claim bond on January 23, 1905, dissolving the garnishment. On March 21, 1905, on motion of the garnishees, the court granted an order discharging them. On May 19, 1906, the claimants filed a traverse to the garnishees' answer. On May 10, 1907, on motion of the garnishees, the court passed an order striking the traverse, on the ground that no written notice of such traverse had been given the garnishees ten days prior to that date, which was the day of trial and on which a jury had been stricken to try the case; and to this order, and to an order striking the plea filed by the claimants, and to the judgment against claimants on the bond dissolving the garnishment, and to other rulings of the court, the claimants filed their bill of exceptions, bringing the case here for review.

The garnishee, after obtaining an order discharging him from the case, is no longer a party to the case, and, after he is thus stricken as a party, can not be heard again in that case, unless he afterwards again becomes a party. The garnishees in this case had no right to make the motion to strike the traverse to their answer, and the court committed error in sustaining such motion. Even if the garnishee had not been discharged by order of the court, he would have had no right, under the record before us, to object to such traverse. The Civil Code, §4721, provides that "the garnishee, upon answering, shall be discharged from all fur-

ther liability, and the plaintiff's remedy shall be upon the bond so executed as aforesaid." The bond referred to is the bond of the claimant dissolving the garnishment. This statute does not mean that the garnishee is discharged from the case, nor does it mean, that he is discharged from all liability; as the claimant might claim only part of what the garnishee admitted he owed the defendant, and in such cases the garnishee would be liable to the plaintiff for the balance; or the plaintiff might traverse the answer, claiming that the garnishee had effects belonging to the defendant other than those admitted, and the result of the trial upon such traverse and answer might subject the garnishee to liability for such other effects. Either the plaintiff or the claimant, or both of them, after the claim bond is filed, have the right to traverse the answer of the garnishee, and the issue upon such traverse shall be submitted to the jury. Civil Code, §4721. The provisions in this section mean that the garnishee, upon answering, shall be discharged from all further liability to the plaintiff as to the effects in his hands belonging to the defendant, or the debts due by him to the defendant, admitted in his answer and claimed by the claimant, and the plaintiff's remedy shall be upon the claimant's bond as to such effects and debts. The Civil Code, §4723, provides that the claimant of any effects, to whom the same have been paid upon the dissolution of the garnishment, shall be a party to all future proceedings upon said garnishment. When the claimant traverses the answer of the garnishee and alleges that the debt admitted in the answer to be due the defendant is not due to the defendant, but is due to the claimant, to whom the garnishee paid such debt upon the dissolution of the garnishment, the garnishee is no party to the issue thus made and is not interested in its result. It would be improper to permit the garnishee to fire on either of the parties who are fighting between themselves, when the result of the fight can not possibly have any effect on him. There is no need for such claimant to give to the garnishee notice of the filing of a traverse of the kind named above, as the issue made by filing such traverse in no way concerns the garnishee, it being an issue only between the plaintiff and the claimant. Upon the trial of such issue it makes no difference to the garnishee who prevails. It was not the intention of the act approved December 21, 1897 (Acts 1897, p. 54), to provide for notice to the garnishee

of the filing of a traverse, except in cases where a judgment might be rendered against the garnishee by reason of such traverse. This act provides that when any answer of a garnishee is traversed, notice must be given to the garnishee a specified number of days before the trial. It further provides that such notice shall not be essential to a valid judgment against the garnishee when the latter is inaccessible, but declares that in all other cases any judgment taken against the garnishee without service of such notice of traverse shall be void. As no judgment can be rendered against the garnishee on an issue made by a traverse filed by a claimant alleging that the debt admitted by the answer of the garnishee to be due the defendant is not due to the defendant, but is due to the claimant, who has received from the garnishee such debt, there is no requirement in this act of 1897 that notice of such traverse shall be given a garnishee in such a case. The intention of the act was to prevent a judgment being rendered against the garnishee upon an issue made by a traverse to his answer, in the absence of notice to him of such traverse and an opportunity to defend his answer.

2. Before the traverse was stricken, claimants filed what was termed a "plea," alleging that the judgment upon which the garnishment was issued was paid off by the defendant on or about May 1, 1904; and upon motion of the plaintiffs this "plea" was stricken. Regardless of the question as to whether or not a "plea" of this kind can be filed when, by reason of the traverse having been stricken, there is no issue pending, such "plea" can be filed when there is an issue upon a traverse pending; and inasmuch as the court committed error in striking the traverse, it committed error in striking the "plea." The claimant had a right to file such "plea," with such rights thereunder upon the trial as the law gives; but as such rights existed without such "plea," it was not necessary to swear to it.

3. After striking the traverse and the "plea," the plaintiff introduced in evidence a certified copy of the verdict, and of the judgment of the court thereon, purporting to have been rendered in the city court of Tattnall county in favor of the plaintiffs against the defendant. The claimants objected to the introduction of this evidence, because it was not accompanied with the record in the case in which the judgment and verdict were rendered; and the court overruled the objection and admitted the evidence. The only

thing undertaken by the plaintiffs to be shown was the existence of a valid judgment against the defendant for a certain amount; and a certified copy of the verdict and judgment was sufficient to show this, without the introduction of the proceedings upon which they were rendered. Whenever it is needful to prove that a particular question was adjudicated in a case, it is necessary to introduce the record, to show that this question was involved; but when it is desired only to show a judgment against a person for a particular amount, it is sufficient to introduce a certified copy of such judgment. *Mitchell* v. *Mitchell,* 40 *Ga.* 11; *Dupont* v. *Mayo,* 56 *Ga.* 304; *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 521 (37 S. E. 743); *Kerchner* v. *Frazier,* 106 *Ga.* 437 (32 S. E. 351); *Ocean Steamship Co.* v. *Wilder,* 107 *Ga.* 220 (33 S. E. 179).

4. In exceptions pendente lite, certified on the 27th of November, 1906, the plaintiffs complain that the court committed error in overruling their motions to strike the traverse and enter judgment in their favor. No cross-bill of exceptions was filed by the plaintiffs, assigning error on the action of the court referred to in the exceptions pendente lite; and this action of the court is not before us for review.

The rulings hereinbefore made cover all the questions necessary or proper to be decided in the case, under the record before us; and from these rulings it follows that the judgment of the court below must be, and the same is,

*Reversed. All the Justices concur.*