### 27362. CASEY *v.* COOLEDGE.

DECIDED JULY 15, 1939. REHEARING DENIED JULY 29, 1939.

*King, Hitz & Partridge,* for plaintiff. *F. M. Bird,* for defendant.

BROYLES, C. J. Clyde Casey brought an action, in Fulton County, Georgia, against A. H. Cooledge, on a judgment reviving a dormant judgment rendered in the State of Alabama. The court sustained a general demurrer to the petition as amended, and the plaintiff excepted. The original petition substantially alleges: 1. The defendant is a resident of Fulton County, Georgia. 2. On February 24, 1925, a jury in the Jefferson County circuit court of the tenth judicial circuit of Alabama rendered a verdict against A. H. Cooledge and H. M. Mauck for $3000 and costs, and the court entered a judgment on that verdict; a duly-authenticated and exemplified copy of said judgment being attached to the petition as exhibit A. 3. On April 1, 1936, plaintiff filed in the

same Alabama court his motion to revive said judgment; said proceeding being brought in full and strict accordance with "the provisions of article 8, chapter 291 (§§ 7862-7873) Michie's 1928 Alabama Code and 1936 Cum. Supp., entitled 'Revivor of Judgments and Executions Thereon.'" 4. "In addition to being properly served and made a party in said revivor proceeding, A. H. Cooledge . . appeared and filed his motion to quash, his motion to dismiss, and his plea and answer, and had his day in court." 5. On July 12, 1937, the court rendered a judgment reviving the original judgment and ordered that an execution issue thereon; a duly-authenticated and exemplified copy of said judgment of revivor being attached as exhibit A. (Paragraph 6 is immaterial.) 7. Said judgments of February 24, 1925, and July 12, 1937, remain unpaid, and A. H. Cooledge is indebted to plaintiff thereon in the principal sum of $3046.50 principal, with interest.

In order to reach a proper understanding of the question for decision in this case, whether the court erred in sustaining the general demurrer to the *petition as amended,* it is necessary to consider the ruling of this court, made in *Cooledge* v. *Casey, 58 Ga. App.* 134 (198 S. E. 96), that the court "erred in overruling the general demurrer to the [original] petition." In rendering that decision this court said: "This is a suit on a revived judgment. If the petition had simply alleged the rendition of the judgment, it would not have been subject to general demurrer. It did not stop with that, but set forth the entire proceedings upon which the judgment was based. The judgment roll attached to the petition shows: (1) that the defendant was a non-resident of Alabama; (2) that the notice, the only service in the case, was by mail; (3) that a motion to quash the service was first filed; (4) that later, other special pleas and a general answer were filed; that the court in Alabama rendered a final judgment without specifically ruling on the motion to quash. *Unless the defendant waived the lack of jurisdiction of his person, the judgment of revival is void.* Owens v. Henry, 161 U. S. 642 (16 Sup. Ct. 693, 40 L. ed. 837). [Italics ours.] One of three things occurred. The Alabama court impliedly ruled against the motion to quash, by ruling on the merits and reviving the judgment; or it ignored it over the protest of the defendant; or the parties went to trial on the merits without calling the court's attention to the motion to quash, the effect of which

would have been a waiver by the defendant of the jurisdictional question. This court will presume that one of the first two possibilities is the truth of the case. No waiver appears in the record, and will not be presumed. . . *If the plaintiff can allege and prove a waiver, his case will be different from what it now is.* [Italics ours.] In the absence of a waiver of the jurisdiction of his person, the Alabama court did not and could not have jurisdiction to render the judgment. . . No court, at any time, anywhere, can render a valid judgment against a person of whom it has no jurisdiction, unless he waives it. *In this case there has been no adjudication by the Alabama court to the effect that the defendant waived the jurisdictional question or abandoned his motion to quash.* If there had been, our decision might be different. Even if this defendant submitted the question of jurisdiction to the Alabama court, unless he waived it the court had no right to say that it had jurisdiction, for the reason that the motion to revive the judgment showed on its face that the defendant was a nonresident of Alabama, and the judgment roll in Fulton superior court does not affirmatively show that jurisdiction was waived. *In the status of the record it is the same as if the court had expressly ruled against the motion to quash, and had proceeded to render final judgment on the merits.* [Italics ours.] . . No Alabama law is pleaded to the effect that a special appearance is a submission to jurisdiction for all purposes. . . Some States have such a rule, which is valid; but this court can not presume that it exists in Alabama. From the judgment roll itself we are of the opinion that the Alabama court did not have jurisdiction of the person of the defendant, and was powerless to render a valid judgment against him; and that he may properly raise such a question in the present suit. In these circumstances it was error for the court to overrule the general demurrer to the petition."

Before the remittitur from this court was made the judgment of the trial court, Casey amended his original petition by adding thereto paragraphs 8, 9, 10, and 11, the substance of which appears from the following statement: "8. Plaintiff shows that there was attached to his original petition . . , as exhibit A thereto, a duly-authenticated and exemplified copy of all proceedings and the judgment roll in the Jefferson County circuit court of the tenth judicial circuit of Alabama, out of which issued the

judgment upon which the plaintiff brings this action. 9. Plaintiff shows that the motion to quash for want of jurisdiction and defect in service, filed in said Alabama action . . , came on to be heard . . in said court on May 12, 1936, and that upon said hearing, with counsel for all parties being present and after arguments being heard, *the said motion was overruled and denied by the trial judge, and a proper entry of such ruling was made a part of the record in said cause; that said Cooledge did not, within the thirty days allowed, file exceptions in writing to said ruling, or carry exceptions to the Supreme Court of Alabama.* An authenticated and certified copy of such motion and ruling thereon is attached hereto as exhibit B. 10. The plaintiff further shows that by filing his demurrer, plea, and answer in said Alabama action and by proceeding to trial thereon, *and by abandoning his right to except to the denial of his motion to quash, the defendant, A. H. Cooledge, waived his motion to quash and made a general appearance in said cause which constituted a waiver of all irregularities, including lack of jurisdiction over his person and defects in service; that the law of . . Alabama as to such waiver of jurisdiction has been clearly established,* and plaintiff here specially pleads the law of the State of Alabama as set out in the following decisions of the Supreme Court of that State." (Italics ours.) (Here are cited eight decisions of the Supreme Court of Alabama, including Casey *v.* Cooledge, 234 Ala. 499 (175 So. 557).

It appears from the copy of the minute entry attached to the amendment to the petition in the instant case that the judge of the circuit court of Alabama rendered the following judgment on Cooledge's motion to quash: "On this 5th day of June, 1936, came the parties by their attorneys, and defendants file motion to quash service of scire facias and said motion is by the court heard and considered, whereupon, it is ordered and adjudged by the court that said motion be and the same is hereby denied, and defendants except and defendants allowed 30 days within which to plead further." Subsequently, the defendants did "plead further" by filing pleas and a general answer. The case of Casey *v.* Cooledge, supra, decided June 14, 1937, was an appeal by Casey from the judgment denying his motion to revive the former judgment procured by him against Cooledge. In that case the Alabama Supreme Court prefaced its decision by this general statement: "The parties waived

a trial by jury and the trial was had on a plea of the general issue and special pleas 1, 2, 3, 4, and 5. Demurrers to the pleas were overruled . . and the motion to revive the case was denied, to which action of the court the 'movant accepts.'" The adverse ruling on Cooledge's motion to quash for lack of jurisdiction was not considered or referred to by the Alabama Supreme Court, which reversed the judgment of the circuit court and remanded the cause. Subsequently, on July 12, 1937, Casey succeeded in having the Alabama circuit court revive the old Alabama judgment.

Our view is that the petition as amended shows that Cooledge waived lack of jurisdiction of his person by the Alabama court *by failing to seek a review of the judgment overruling his motion to quash the proceeding to revive the judgment against him.* In Hass-Phillips Produce Co. *v.* Lee, 205 Ala. 137 (87 So. 200), the decision is prefaced with this statement: "Action by Lee & Edwards against the Hass-Phillips Produce Company, a domestic corporation, on a judgment recovered in 1916 in a circuit court of general jurisdiction in the State of Florida. Judgment for the plaintiffs, and the defendant appeals. The defense set up is that the Florida court did not have jurisdiction of defendant corporation at the time of the rendition of the judgment, and that therefore the judgment is void even on collateral attack. The cause was tried without a jury by the court upon the following agreed statement of facts:" It appears from this statement of facts that "Hass-Phillips Produce Company entered a special appearance in said suit, solely for the purpose of objecting to the jurisdiction of said court for want of proper service, and filed a special plea for the purpose, and solely for the purpose, of objecting to the jurisdiction of said court on the ground that proper service had not been had;" that the "circuit court of Hillsborough County, on motion of the plaintiffs, held the special plea to the jurisdiction bad, as a matter of law, the facts alleged in said plea not being denied, and further held that the said service . . was sufficient, and the said circuit court of Hillsborough County had thereby acquired jurisdiction of the defendant corporation; that thereupon the said defendant then appeared generally and pleaded to the merits in said cause;" and "that, upon a hearing of the evidence on the merits in said cause, the jury returned a verdict for the plaintiffs" for damages. The Alabama Supreme Court held: "Under the agreed

statement of facts . . , the service of process from the Florida court on the president of the defendant corporation while temporarily sojourning in Florida did not avail as a personal service upon the corporation, and therefore could not support a personal judgment against it." To support this ruling, the court cited and discussed Riverside &c. Mills *v.* Menefee, 237 U. S. 189 (35 Sup. Ct. 579, 59 L. ed. 910). The Alabama court further said in the fourth division of its opinion: "And if in the instant case the defendant corporation had confined its appearance in the Florida court to an effort to dismiss the proceeding for want of jurisdiction, and, the judgment being adverse, it had thereupon declined to appear generally and submit the cause for adjudication upon its merits, it seems clear that it could afterwards have successfully impeached any judgment rendered against it by the Florida court when sought to be enforced in the court of another State in a collateral suit. But, having yielded to the judgment of the Florida court on the question of jurisdiction of its person by appearing and answering to the merits of the complaint, it must, upon sound principle, and we think upon sound authority also, be held to have conclusively waived the original failure in the service of process. . . The effect of such an appearance and the validity of the judgment rendered thereon on appeal was fully considered by the Supreme Court of North Dakota in Miner *v.* Francis, 3 N. D. 549, 58 N. W. 343, and the court there said: 'We hold that a general appearance, after an objection to jurisdiction has been overruled, does not constitute a voluntary appearance, unless the contrary is shown, provided the defendant seeks a review of his objection to the jurisdiction of the court *in the very action* in which it is made. Of course, it is clear that a defendant may make a voluntary appearance after such objection is overruled. That it was his purpose to make such an appearance would be conclusively established by his abandoning the point after judgment, *by not seeking to revive it on appeal.* Hence such a judgment would never be vulnerable to *collateral* attack on the ground that the appearance was not voluntary.' (Italics supplied.)"

In the instant case, Cooledge submitted the jurisdictional question to the Alabama court by filing his motion to quash for lack of personal service on him, and that court overruled his motion. Subsequently he filed pleas and a general answer and contested the

case on its merits. Later still, when Casey appealed to the Supreme Court of Alabama from the judgment denying his motion to revive the judgment, Cooledge did not question, in a cross-bill of exceptions or otherwise, the correctness of the judgment overruling his motion to quash, but accepted the chance of the Supreme Court deciding in his favor on other points in the case. We do not think that it makes any difference that Cooledge was the defendant in error and not the movant in the Alabama Supreme Court. He should not be allowed to take the position that: "If I win in the Alabama Supreme Court, I am content, but if I lose I'll thereafter contest the validity of the trial court's ruling on the jurisdictional question." We therefore hold that the petition as amended showed a waiver by Cooledge of the lack of jurisdiction of the Alabama court, and that the judge of the Georgia court erred in sustaining the general demurrer and in dismissing the case.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*