PATRICK CASEY v. W. J. BARKER ET AL.

(Filed 30 April, 1941.)

1. **Process § 8—Service of process under Indiana law on nonresident auto owner is predicated upon receipt for registered mail containing notice and copy of process, or refusal to accept or claim such registered mail.**

Under the Motor Vehicle Law of Indiana, substituted service on a nonresident automobile owner, when defendant's return receipt for registered mail containing notice of service and copy of process is not appended to the original process and filed in the court, is predicated upon defendant's refusal to accept or claim such registered mail, and in a suit here on a judgment rendered by that state on substituted service, an allegation that defendant "failed to claim" the registered mail is insufficient, the difference between a refusal to accept or claim the registered mail, and failure to claim it being material, since one imports notice while the other does not, nor is the defect cured by the recital in the attorney's affidavit that the registered mail was returned unclaimed by the Post Office Department, since the Indiana statute requires that such return be predicated on the refusal of the defendant to accept or claim the registered mail.

2. **Judgments § 22h—**

A judgment *in personam* without voluntary appearance or valid service of process in some way sanctioned by law, is void for want of jurisdiction.

3. **Judgments § 22b—**

A judgment which is void for want of jurisdiction may be treated as a nullity, disregarded, vacated on motion, attacked directly or collaterally.

4. **Judgments § 40—**

Where, in an action against a resident of this State on a judgment *in personam* rendered by another state, the allegations of the complaint are insufficient to show valid service of process on defendant in accordance with the laws of the state rendering the judgment, such defendant's demurrer on the ground that the complaint fails to state a cause of action is properly sustained.

APPEAL by plaintiff from *Ervin, Special Judge,* at October Term, 1940, of MECKLENBURG.

Civil action to recover on foreign judgment.

The complaint alleges that on 19 June, 1939, the plaintiff recovered a judgment in Lake Superior Court, County of Lake, State of Indiana, against W. J. Barker and Conover Furniture Company in the sum of $4,635.00 as damages for the negligent operation of an automobile in said county and state; that substituted service in said action was had upon the defendants through the Chief Administrative Officer of the Department of Treasury as provided by the Motor Vehicle Law of that state; that under the provisions of the Indiana law it is sufficient to obtain service on the nonresident motorist if "notice of such service and a copy of the process are forthwith sent by registered mail to the defendant and the defendant's return receipt is appended to the original process and filed therewith in the court"; that in the event "the defendant refuses to accept or claim such registered mail," it shall be sufficient service if the return of such registered mail shall be appended to the original process and the facts attested by proper affidavit; that notice of service and copy of process were duly sent by registered mail to the defendants at Conover, N. C.; that while the Conover Furniture Company accepted the registered mail, "W. J. Barker failed to claim the same"; that the Conover Furniture Company advised the Chief Administrative Officer of the Department of the Treasury of the State of Indiana that W. J. Barker was no longer associated with it, and that he could be reached at 208 East Trade Street, Charlotte, N. C.; that thereafter, notice of service and copy of process were duly sent to W. J. Barker at his Charlotte address by registered mail; that "the defendant, W. J. Barker, failed to claim the same," and that due proof thereof was appended to the original process; that default judgment was entered against the defendants in the amount as above stated; that on 21 August, 1939, the Conover Furniture Company was adjudged a bankrupt; that the American Mutual Liability Insurance Company is liable to the plaintiff by reason of its policy of insurance issued to W. J. Barker agreeing to pay any final judgment which might be rendered against the assured on account of the operation of the automobile in question, etc.; wherefore, plaintiff demands judgment.

Separate demurrers were interposed by the defendants on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action against the defendants, and (2) for that there is a misjoinder of parties and causes.

From judgment sustaining the demurrers on the first ground, the plaintiff appeals, assigning errors.

*Guthrie, Pierce & Blakeney for plaintiff, appellant.*
*Helms & Mulliss for defendants, appellees.*

STACY, C. J.   It appears on the face of the complaint that the Indiana judgment, here sued upon, is void as against W. J. Barker for want of proper service.   It is not alleged, as required by the Indiana law, that W. J. Barker "refused to accept or claim such registered mail" containing notice of service and copy of process.   The allegation is, that he "failed to claim the same."   To refuse to accept or claim registered mail is not the same as to fail to claim it.   The one imports notice, while the other does not.   The difference is material.

It is a requirement of the Indiana law that notice of service and copy of process shall be sent "to the defendant," and his return receipt appended to the original process, or in case the defendant "refuses to accept or claim" the notice, service may be completed by the return of the registered mail appended to the original process and attested by proper affidavit.   It is not provided that service may be completed where the defendant has merely "failed to claim" the registered mail.   The allegation of failure to claim the registered mail, therefore, falls short of the requirement of the statute.   *Syracuse Trust Co. v. Keller,* 165 Atl. (Del.), 327.   It is universally held that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction.   *Groce v. Groce,* 214 N. C., 398, 199 S. E., 388; *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737; *Downing v. White,* 211 N. C., 40, 188 S. E., 815.

Nor is the defect cured by the recital in the affidavit of counsel for plaintiff that the registered mail was "returned unclaimed" by the Post Office Department.   True this is the language of the statute, but such return is to be preceded by the refusal of the defendant to accept or claim the registered mail.

The allegations of the complaint clearly show that the Indiana court acquired no jurisdiction over the defendant, W. J. Barker.   *Lowman v. Ballard,* 168 N. C., 16, 84 S. E., 21.   It is the accepted principle here and elsewhere that a judgment *in personam* without voluntary appearance or valid service of process within the jurisdiction is void.   *Graves v. Reidsville,* 182 N. C., 330, 109 S. E., 29; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Stevens v. Cecil,* 214 N. C., 217, 199 S. E., 161; *Adams v. Cleve,* 218 N. C., 302, 10 S. E. (2d), 911; *Pennoyer v. Neff,* 95 U. S., 714.   "Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him"—*Merrimon, J.,* in *Stancill v. Gay,* 92 N. C., 462.

A void judgment may be treated as a nullity, disregarded, vacated on motion, attacked directly or collaterally.   *Dunn v. Wilson,* 210 N. C.,

493, 187 S. E., 802; *Oliver v. Hood,* 209 N. C., 291, 183 S. E., 657; *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97. It affords no basis for a recovery.

The demurrers were properly sustained.

Affirmed.