33954.   LUREY *v.* JOS. S. COHEN & SONS COMPANY INC.

Decided June 25, 1952.

*Rupert A. Brown, A. F. Jenkins,* for plaintiff in error.
*Noel P. Park,* contra.

CARLISLE, J.   1. "In a suit in this State upon a cause of action arising out of a judgment rendered in a sister State, it is not necessary to allege or prove an authenticated copy of the record of the entire proceedings, but a prima facie case is made by

alleging and proving a properly authenticated copy of the judgment itself." *Heakes* v. *Heakes,* 157 *Ga.* 863 (122 S. E. 777); *Gibson* v. *Robinson,* 90 *Ga.* 756 (16 S. E. 969); *Kerchner* v. *Frazier,* 106 *Ga.* 437, 439 (32 S. E. 351); *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 525 (37 S. E. 743); *Patterson* v. *Drake,* 126 *Ga.* 478 (3) (55 S. E. 175); *Hirsch* v. *Lumbermen's Supply Co.,* 130 *Ga.* 555, 558 (61 S. E. 225); *Weaver* v. *Tuten,* 138 *Ga.* 101 (2) (74 S. E. 835).

It was not necessary, under the foregoing authorities, to set forth the entire record upon which the judgment of the Supreme Court of New York was rendered, and the petition in its original form would have, perhaps, stated a cause of action. However, the plaintiff did not stop there but by amendment attached to the original petition the entire proceedings antecedent to the judgment here sued on. The judgment roll having been thus enlarged (*Casey* v. *Cooledge,* 60 *Ga. App.* 531, 4 S. E. 2d, 63; *Cooledge* v. *Casey,* 58 *Ga. App.* 134, 135, 198 S. E. 96), shows on its face that the judgment was rendered against a non-resident of New York, resident of Georgia; and shows the facts by virtue of which the plaintiff claims that the Supreme Court of New York obtained jurisdiction of the defendant, namely, that the defendant, by the terms of the alleged contract, which formed the basis of the arbitration proceedings and the judgment, consented, at the time the contract was executed, that the arbitration proceedings be held in New York City, and consented "to the jurisdiction of the Supreme Court of the State of New York in respect to such arbitration, and further consent[ed] that any process or notice of motion or other application to the court or a judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed." It also appears from the judgment roll that the only service upon the defendant relied upon by the plaintiff as having been effected upon the defendant as to the arbitration proceeding was "due notice by mail in accordance with the Commercial Arbitration Rules of the American Arbitration Association as provided in the contract"; and the only notice or service upon the defendant as to the application or motion to make the award of the arbitrator the judgment of the Supreme Court of New York is the affidavit of an associ-

ate attorney of counsel for the plaintiff that he "served the within petition, notice of motion and attached exhibits on respondent, Harry Lurey, by depositing true copies of same in a postpaid wrapper . . directed to the respondent Harry Lurey, Mack's Department Store, Madison, Georgia, . . that the petition, notice of motion and exhibits securely wrapped as aforesaid were sent to said respondent registered mail, return receipt requested, showing address where delivered and . . Deponent paid the necessary fees therefor" together with the return receipt which shows that the registered matter was delivered August 8, 1950, at the Post Office in Madison, Georgia, and signed for by Mrs. J. H. Shelton. It also appears from the judgment roll that *no one appeared in opposition* to the plaintiff's motion to make the arbitrator's award the judgment of the court, that fact being recited in the judgment itself.

"In suing on a judgment of a court of another state, if the declaration, petition, or complaint shows that the court rendering it was a court of record or court of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or the subject matter, or to set out the facts conferring jurisdiction, as this will be presumed until disproved. [But] the rule has been held otherwise, however, where the record shows that the judgment was against a nonresident." 50 C. J.S. 457, § 880, citing Stoer *v.* Ocklawaha River Farms Co. 223 Ala. 690 (138 So. 270, 272) ; Casey *v.* Barker, 219 N. C. 465 (14 S. E. 2d, 429) ; *Casey* v. *Cooledge,* 60 *Ga. App.* 531 (4 S. E. 2d, 63) ; and see Wilbur *v.* Abbott, 6 Fed. 814; Cone *v.* Cotton, 2 Blackf. (Ind.) 82; Gude *v.* Dakota Fire &c. Ins. Co., 7 S. D. 644 (65 N. W. 27, 58 Am. St. R. 860).

The judgment having recited that it was rendered against a non-resident, it was incumbent upon the plaintiff to show how the Supreme Court of New York obtained jurisdiction of the defendant; and, no doubt, it was for this purpose that the entire proceedings antecedent to the judgment were, by amendment, made a part of the petition; and being so amended, the petition then showed the manner by which it was assumed that the foreign court purported to acquire jurisdiction of the defendant in the original suit and the plaintiff became bound by such showing. First National Bank of Cresson, Pa. *v.* Brown,

119 Fla. 761 (162 So. 142). None of the usual presumptions of waiver of jurisdiction of the person, that the defendant voluntarily appeared in person or by attorney, or that he was served while within the jurisdiction of the New York court, can be indulged in under the facts of this case. As we have said, the judgment roll shows that the judgment was rendered against a non-resident of New York, and that no one appeared to defend against the arbitration or the judgment making the arbitration award the judgment of the court. It is the accepted principle here and elsewhere that a judgment in personam without voluntary appearance or valid service of process within the jurisdiction is void. Casey v. Barker, supra, and cases cited. It follows, therefore, that the judgment roll of the Supreme Court of New York shows upon its face that it is void, and the trial court erred in overruling the defendant's general demurrer to the petition as amended, rendering all further proceedings nugatory.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*