### 42708. HARTSOG v. ROBINSON et al.

QUILLIAN, Judge. The case under review is one in which the Judge of DeKalb Superior Court dismissed the suit on a California judgment entered on a personal money demand against the defendants, residents of Georgia, who were not served with process in the State of California or otherwise became subject to the jurisdiction of the court that entered the judgment sued upon. The only service of the original suit was that the process issued from the California court was handed to each

of the defendants personally in Georgia by an officer of this state. *Held:*

1. The sovereign authority invested in each state of the Union extends only to its territorial boundaries and the jurisdiction of a state court as to personal money demands has the same limitations. A law which purports to vest in the courts in one state power to entertain suits to enforce personal money demands against residents of another state who were not served within the boundary of the state or otherwise submitted to the jurisdiction of its courts offends the due process clause of the United States Constitution and a judgment entered in such an action is void. *Young v. Morrison,* 220 Ga. 127, 128 (137 SE2d 456); Pennoyer v. Neff, 95 U. S. 714, 726, 727 (24 LE 565); International Shoe Co. v. State of Washington, 326 U. S. 310 (66 SC 154, 90 LE 95); Riverside &c. Cotton Mills v. Menefee, 237 U. S. 189 (35 SC 579, 59 LE 910); 12 AmJur 324, Constitutional Law, § 633.

2. Where in such circumstances a court of one state issues a process commanding the residents of another state to appear before it and defend a suit brought on a purely personal demand, the process is a nullity and its service in the state of the defendants' residence amounts to no service. This is equally true whether such service is made by publication or whether an officer of the latter state hands the process to the defendants personally. Pennoyer v. Neff, 95 U. S. 714, 727, supra.

3. The above stated rules are not applicable in certain instances where the residents of one state submit to the jurisdiction of another state, as where the defendants travel the highways of a foreign state or agree that the courts of a state other than that of their residence shall have jurisdiction to construe the provisions of a particular contract and decide the rights of the parties that may accrue according to its terms (*Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454); *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268 (133 SE2d 96)), or from the nature of the business or transaction within the boundaries of a particular state consent is implied that the courts of that state determine controversies connected with the business. There are still other situations in which parties may consent that the courts in the states where the controversy arises, concerning purely personal demands, hear and determine such controversies.

4. The California suit in which the judgment sued upon was entered was brought to recover for the breach of a contract to repair and improve a dwelling house. This was a purely personal money demand. 20 AmJur2d 480, Courts, § 126.

5. The appellant contends the only issues before the trial court were (1) "whether or not the fact that the defendants were personally served with petition and process of a California suit while they were residents of Georgia failed to give the California court jurisdiction to enter judgment against them. . . . [(2) Whether] the pleas as filed by the defendants in this case were wholly insufficient as a matter of law to attack the judgment sued upon. The defendants in this case have pointed out no provision of California law that would make this judgment not enforceable." Appellant cites as authority for his position the pronouncement: "Where such a judgment is pleaded in a court of this State and on its face recites requisite jurisdictional facts, the defendant sued thereon, in order to raise an issue as to the jurisdiction of the court rendering the judgment, must plead and prove that such facts were legally insufficient under the law of the State of origin to give the court wherein the judgment was entered jurisdiction." *Peeples v. Peeples,* 103 Ga. App. 462 (2b) (119 SE2d 710). The ruling made there is sound but not applicable to the facts of the instant case. Here the petition alleges the California suit was brought on a purely personal money demand, and that the judgment sued upon was rendered for the purpose of enforcing that demand against residents of this state. Hence, according to the precedents cited in the preceding headnotes, the State of California could not, under the United States Constitution, have enacted a valid law authorizing the suit.

6. The appellant invokes the rule that where a judgment has been entered every presumption in favor of its validity must be indulged. This, of course, includes the inference that the court in which the judgment was entered had jurisdictional authority necessary for the purpose. However, the rule is not applicable in the present case. "In suing on a judgment of a court of another state, if the declaration, petition, or complaint shows that the court rendering it was a court of record or court of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or the subject matter, or to set out the facts conferring jurisdic-

tion, as this will be presumed until disproved. [But] the rule has been held otherwise, however, where the record shows that the judgment was against a nonresident." 50 CJS 457, Judgments, § 880, citing Stoer v. Ocklawaha River Farms Co., 223 Ala. 690 (138 S 270, 272); Casey v. Barker, 219 N. C. 465 (14 SE2d 429); *Casey v. Cooledge,* 60 Ga. App. 531 (4 SE2d 63); and see Wilbur v. Abbot, 6 F 814; Cone v. Cotton, 2 Blackf. (Ind.) 82; Gude v. Dakota Fire &c. Ins. Co., 7 S. D. 644 (65 NW 27, 58 ASR 860). In the case of *Lurey v. Jos. S. Cohen & Sons Co.,* 86 Ga. App. 356, 364 (71 SE2d 689) this court held that in a situation in every material respect similar, indeed almost identical, to the case here reviewed, there was no presumption that the New York court was vested with jurisdictional power to enter a judgment against a resident of Georgia.

The trial judge did not err in sustaining the defendant's motion to dismiss the petition.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

Submitted April 5, 1967—Decided May 19, 1967— Rehearing denied June 7, 1967.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellant.