No. 62.—FREEMAN & BENSON, plaintiffs in error, *vs.* CARHART BROTHERS & Co. defendants.

[1.] One partner may acknowledge service of a writ, in the name of the partnership, if he does it in the presence of the other partner, and with his consent.

[2.] The Constable's return on a Justice's Court warrant, may be amended after judgment.

[3.] The Act of 1852, enlarging Justice's Court jurisdiction in the City of Macon, extends the enlarged jurisdiction to the case of joint promisors, some of whom reside in Macon and some in districts outside of Macon.

*Certiorari,* in Bibb Superior Court.    Decision by Judge POWERS.

Carhart Bros. & Co. sued Freeman & Benson, in the Justice's Court of the City of Macon, on certain notes of Forty-five Dollars each, in different cases.    Service of the summonses was acknowledged by Freeman, signing the firm name of Freeman & Benson.    Benson resided out of the City District, in Vineville.    Judgment was given in the cases, and *fi. fas.* issued and levied, when defendants came into Court and moved to set aside the judgments, on the ground of the want of service, and on the further ground, that Benson resided out of the district, and that the Court had assumed jurisdiction for sums over thirty dollars; and that, especially, they had no jurisdiction for that amount, over one residing in a district where the Justice's Court has only jurisdiction for thirty dollars.

On the hearing of this rule, the Court permitted the Constable to amend his return on the summonses, by stating, that when Freeman wrote the acknowledgment of service, Benson was present and sanctioned it.    The Court refused the motion to set aside the judgments, and the defendant took the case by *certiorari* to the Superior Court, which Court sustained the action of the Justice's Court; and upon this decision error is assigned.

LANIER & ANDERSON, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] A deed executed in a partnership name, by one of the

partners, in the presence of the other and with his consent, binds the partnership. (4 *Durn. & E.* 313. *Burn vs. Burn*, 3 *Ves.*)

If a *deed* so executed is good against the partnership, much more is an acknowledgment of the service of a writ good against a partnership, when the acknowledgment is made by one of the partners, in the presence of the other and with his consent, for such an acknowledgment need not be under seal.

This being so, the acknowledgment of service by Freeman, in the name of Freeman & Benson, bound Freeman & Benson, if Benson was present at the acknowledgment, and if he sanctioned the acknowledgment.

And that Benson was so present, sanctioning the acknowledgment, the Constable shows by the amendment which he makes to his return.

[2.] This amendment, though made after judgment, was not made too late. *Ingram & Little*, (15 *Ga. R.*)

The effect of the Act of 1852, was merely to make the Justice's Courts of the City of Macon larger than they had been— to make that jurisdiction which had been sufficient to include thirty dollar cases, sufficient to include fifty dollar cases.

[3.] If, therefore, before the passage of the Act, those Courts had jurisdiction of thirty dollar cases against joint promisors, some of whom resided in Macon and some in districts outside of Macon, after the passage of the Act, those Courts had jurisdiction of fifty dollar cases against such promisors.

The judgment of the Court below, therefore, ought to be affirmed.