## CONLEY vs. CHAPMAN.

1. The certificate of the clerk to a record from New Jersey was as follows: "That the pages 351 to 360, inclusive, in book No. 67 of judgments of said court, and now remaining on file in my office, contain a true and complete record of the plaint proceedings and judgment, of which the foregoing is a true copy, in the case of Ann Chapman against Benjamin Conley and others." In the record preceding, and attached to this certificate, the plaintiff is described as Julia A. Chapman and as Julia Ann Chapman:

*Held,* that, taking the certificate in connection with the copy record, the latter was sufficiently identified, and the clerical mistake in the certificate did not vitiate it.

JACKSON, C. J., *dubitante.*

2. Where suit was brought in the state of New Jersey against the members of a firm, one of whom was served, and a return of *non est inventus* made as to the others, and the judgment was entered, under the statute of that state, against all the co-partners, in a suit on such judgment brought in the state of Georgia, it was binding as to the partner who was served.

(a.) *Semble,* that the co-partners who were not brought into court under the process would not be liable on the judgment, outside of the state of New Jersey.

March 30, 1885.

Evidence. Records. Judgments. Partnership. Comity of States. New Jersey. Before Judge HAMMOND. Fulton Superior Court. October Term, 1884.

Julia A. Chapman brought complaint against Benjamin Conley and B. W. and J. P. Force, on a judgment recovered against them in New Jersey, as partners. The sheriff returned *non est inventus* as to the Forces, serving Conley. On the trial, the case was submitted to the presiding judge without a jury. He rendered judgment for the plaintiff against the defendant served. The latter moved for a new trial, which, being refused, he excepted. For the other facts see the decision

A. A. MANNING; CONLEY & SHUMATE, for plaintiff in error

HOKE SMITH, for defendant.

BLANDFORD, Justice.

1. This was an action of debt brought to recover a certain sum of money due on a judgment rendered in the circuit court of Essex county, state of New Jersey, recovered by Julia A. Chapman against B. W. Force, J. P. Force and Benjamin Conley, copartners, using the firm name and style of B. W. & J. P. Force & Co., in which suit Conley was alone served, and *non est* returned as to the other defendants in that action, but judgment was rendered by said court against all of said defendants. The case was submitted to the presiding judge, without the intervention of a jury. The defendant in error, who was the plaintiff in the court below, tendered and offered in evidence an exemplified copy of the record of the judgment rendered by the circuit court of Essex county, state of New Jersey, which was objected to, upon the ground that the certificate of the clerk of that court did not sufficiently identify the record of the judgment, which certificate, among other things, was as follows ·

."That the pages 351 to 360, inclusive, in book No. 67 of judgments of said court, and on file in my office, contain a true and complete record of the plaint proceedings and judgment, of which the foregoing is a true copy, in the case of Ann Chapman against Benjamin Conley and others."

The record referred to, as contained in the exemplification, describes the plaintiff as Julia A. Chapman and as Julia Ann Chapman, which is attached to the certificate of the clerk. The court overruled this objection and admitted the evidence, and this is the first error assigned.

My brother Hall and myself are of the opinion that, taking the certificate of the clerk in connection with the copy record, the mistake of the clerk in naming the parties to the case in his certificate does not vitiate the same; that the copy record and certificate, when taken and considered together, sufficiently identifies the copy record of the case of Julia A. Chapman *vs.* Benjamin Conley *et al.*, to be the same judgment rendered in said circuit court of New Jersey in favor of said Julia A. Chapman, and that it is the same judgment sued on in this action. The chief justice does not fully agree with us on this point, but is rather inclined to the opinion that the certificate of the clerk, in referring to the record as being in the case of Ann Chapman against Benjamin Conley *et al.*, does not sufficently identify the record of the judgment sued on in this case.

2. Next it is insisted by the counsel for the plaintiff in error, that the court erred in holding that the judgment rendered against Benjamin Conley, who was served with process, and B. W. and J. P. Force, who were not served with process in the New Jersey court, was not void, but of force against Conley, who was served with process, and in rendering judgment against said Conley. We are all agreed that there was no error in thus holding and giving judgment by the court, when viewed in the light of the statute of New Jersey, which is " all persons jointly indebted to any other person, upon any joint contract, obligation, matter or thing, for which a remedy might be had

at law against such debtors, in case all were taken by process issued out of any court of this state, shall be answerable to their creditors separately for such debt; that is to say, such creditor or creditors may issue process against such debtors, and in case any of such joint debtors shall be taken and brought into court by virtue of such process, such of them so taken and brought into court shall answer to the plaintiff or plaintiffs, and if judgment shall pass for the plaintiff or plaintiffs, he, she or they shall have his, her or their judgment and execution against such of them so brought into court, and against the other joint debtor or debtors named in the process, in the same manner as if they had been all taken and brought into court by virtue of said process."

Whether the Forces, who were not taken and brought into court by virtue of the process which took and carried Benjamin Conley into the New Jersey court, would be bound by the judgment there rendered against them and Conley, is not before us to decide, but there is high authority for saying that they would not be liable on said judgment, outside of the state of New Jersey (11 Howard, 165; 17 Wallace, 510); but these authorities contain a very clear intimation that Conley, who was served in New Jersey, would be bound on the judgment in any of the courts of the United States. See also 2 Cur., 254; 1 Wend., 311; 6 Hill, 242; 1 Dal., 119; 2 Harr. (N. J.), 265; 36 Pa. St., 460; 10 Ohio, 271; 23 Ohio St., 181; 13 Iowa, 496; 10 Humph, 246; 130 Mass., 149. So the judgment of the court below must be affirmed.