O. R. Mason *v.* Henry Ward, et al.

May Term, 1907.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed September 19, 1907.

*Confession Judgments—Necessity of Agreement—Compelling Creditor to File Specification—V. S. 1048—Construction.*

A judgment based on a confession made by a debtor without the request or consent of the creditor, and entered at the instance of the debtor alone, is void unless the creditor ratifies or accepts it.

Judgments on confession without antecedent process are based exclusively on the statute; a full compliance with the statutory requirements is necessary to their validity; and the provisions authorizing them are to be strictly construed.

Under V. S. 1048, providing that "a justice may accept and record a confession of debt to a creditor, made by a debtor personally, either with or without antecedent process, as the parties shall agree, and render judgment on such confession; but such judgment

shall not be rendered except upon a specification in writing filed with the justice, setting forth the claim upon which the judgment is rendered," a judgment without antecedent process can be rendered only by agreement of the debtor and creditor; and the clause requiring the creditor to file a specification of his claim assumes that a judgment has been agreed upon, and is designed merely to insure a statement of the cause of action to be merged therein, and no authority exists to compel the creditor to file such specification.

PETITION for a writ of prohibition, brought to the Supreme Court for Chittenden County at its May Term, 1907, and then heard on demurrer to the petition. The opinion states the case.

*Russell W. Taft* for the petitionee.

If the clause "as the parties shall agree" were meant to apply to the power itself to confess judgment, it would follow the word "creditor," and "if" would have been substituted for "as." This would be especially the case if we adhere to the English common law doctrine that punctuation marks are merely a contrivance of the printer, and no part of the statute. 26 Am. & Eng. Enc. 631. But punctuation has been at least once considered, *McPhail* v. *Gerry,* 55 Vt. 174, as a means of determining the meaning of a Vermont statute. See *Henry* v. *Estes,* 127 Mass. 474.

The rule that the court first acquiring jurisdiction will retain it throughout does not apply to the case at bar. The purpose of that rule is not involved. Further, V. S. 1048, is an enabling act that abrogates the common law, as far as it goes, and imports no conflict of authority. Power is simply given to a certain official to perform one function of another court. 12 Enc. Pl. & Pr. 151.

*V. A. Bullard* for the petitioner.

Any judgment rendered by the justice could not be questioned afterwards by either party; so the creditor's only remedy is a writ of prohibition: *Bullard* v. *Thorpe et al.,* 66 Vt. 599; *Hubbard* v. *Fisher,* 25 Vt. 539; *Shedd & Co.* v. *Bank of Brattleboro,* 32 Vt. 709; *Farr* v. *Ladd,* 37 Vt. 156; *Coxen* v. *Burton,*

27 Cal. 228; *Bank* v. *Mather*, 30 Iowa 283; *Martin* v. *Judd*, 60 Ill. 68.

MUNSON, J.   The case is presented by a demurrer to a petition for a writ of prohibition.   It appears that the defendant Ward, while confined in jail on a writ sued out by the petitioner and then pending in county court, applied to defendant Stearns, a justice of the peace, for leave to come before him, and confess judgment on the petitioner's claim; that the justice took jurisdiction of this application, and ordered the petitioner to file a specification of his claim, and to be present at the taking of Ward's confession of indebtedness; that these orders were made without the knowledge or consent of the petitioner, that he was unable to furnish a specification, and objected to doing it, and also objected to the entire proceeding; and that the justice now threatens to enforce his orders by proceedings for contempt.

The statute provides that "a justice may accept and record a confession of a debt to a creditor, made by a debtor personally, either with or without antecedent process, as the parties shall agree, and render judgment on such confession"; but that "such judgment shall not be rendered except upon a specification in writing filed with such justice, setting forth the claim upon which the judgment is rendered." V. S. 1048.

The defendants contend that the clause, "as the parties shall agree," applies only to the clause, "either with or without antecedent process"; that the right given the debtor to confess his indebtedness is not left dependent on the consent of the creditor; that the confession is authorized as the basis of a judgment, and is of no benefit to the debtor unless judgment is had; and that inasmuch as the judgment cannot be entered without a specification, the statute impliedly gives the magistrate the power necessary to procure the specification.   We consider these views untenable.

Judgments on confession without antecedent process have no basis other than the statute, and a full compliance with the statute is necessary to their validity, and the provisions authorizing them are to be strictly construed.   11 Ency. Pl. & Pr. 975; 23 Cyc. 669; 17 A. & E. Ency. Law 765; and cases cited.   A judgment based upon a confession made without the request or con-

sent of the creditor, and entered at the instance of the debtor alone, will have no validity unless the creditor ratifies or accepts it.   23 Cyc. 703; 17 A. & E. Ency. Law 767; 11 Ency. Pl. & Pr. 981; and cases cited.

We find no justification in the language of our statute for a construction that would make the proceeding compulsory.   The effect of the provision regarding an agreement cannot be confined as defendants claim.   If there is no agreement for a judgment without antecedent process there is no basis for the judgment. If the judgment is to be by agreement, the agreement necessarily involves the amount of it.   It is clear that the creditor could not be compelled to accept a judgment for less than he claimed, and it certainly was not intended to provide for the rendition of a judgment that would not be binding on the creditor.   It is true that if the creditor files a specification of his claim, and the debtor confesses an indebtedness of that amount, the parties will have agreed on the judgment rendered; but this result cannot be reached by compelling the creditor to file a specification.   No authority for this can be deduced from the clause requiring a specification before judgment.   This clause assumes that a judgment has been agreed upon, and is designed merely to insure a statement of the cause of action to be merged in it.

It is said, however, that this construction of V. S. 1048 will render inoperative V. S. 1690.   The section last named provides that if a debtor, before or after suit commenced, tenders to the creditor a confession of judgment before a justice for the amount of the debt and costs then accrued, and such tender is refused, the creditor shall not recover the costs made after such tender in procuring judgment for his debt.   It is argued that ''if the consent of the plaintiff is necessary before a judgment can be confessed, it would be impossible to procure a confession of judgment to tender.''   But what is here spoken of is not the tender of a judgment in being, or of anything having the force of a judgment, but an offer to give judgment, which may be refused, and which, if refused, leaves the judgment still to be obtained.

The provisions of V. S. 1048 and 1690 were originally embodied in one section, and remained so until the revision of 1839, when they were given their present form.   There was no provision in the earlier statute that made the rendition of the judg-

ment depend on the filing of a specification. What is called in the original act a confession of debt is there given the force of a judgment, for it is provided that on making a record thereof execution shall issue. The statute now provides in terms for the rendition of a judgment on the confession. The first part of the original section authorized judgments on confession, and directed the course to be taken when the confession of indebtedness was agreed to; and the last part prescribed the effect to be given to a tender of such a confession if it was refused. We find nothing in the statute as originally framed, or as it now stands, to indicate the legislative intent contended for by the defendants.

This disposes of the only ground on which the right to the writ is questioned.

*Demurrer overruled, petition adjudged sufficient, and case held for further proceedings.*