### 586. TAYLOR *v.* FELDER *et al.*

Any member of a partnership has the authority to appear and defend a suit in the firm name, and for that purpose may execute a statutory dissolving bond in the name of the partnership. A judgment, however, entered upon such a bond binds only partnership assets and the property of the partner or partners by whom or through whose authority it was executed, and does not bind the individual property of a non-resident partner, who was not served in the original action, who did not appear therein, and who took no part in the execution of the bond.

Garnishment, from city court of Americus—Judge Crisp. April 2, 1907.

Argued October 30,—Decided November 25, 1907.

Upon a judgment against W. A. Mathews & Company, principal, and Joseph Jacobs, security, on a statutory dissolving bond under the Civil Code, §4718, given in a previous action, the plaintiff caused summons of garnishment to issue to Mrs. Felder, administratrix, requiring her to answer as to effects in her hands belonging to T. J. Felder, a non-resident of this State, alleged to be a partner of the firm of W. A. Mathews & Company. Upon traverse to the answer, which admitted indebtedness, but which set up that Felder in his individual capacity was not a party to the bond or the judgment, the case was submitted for decision to the judge, upon the following facts: On February 2, 1898, proc-

ess of garnishment was sued out by the plaintiff in the case of Bishop, *v.* W. A. Mathews & Company, then pending in the city court of Atlanta, the same being a common-law action on account, upon which summons of garnishment issued, directed to the Atlanta National Bank and others, answerable at the March term, 1898, of said court. Said garnishee afterwards answered, admitting indebtedness to W. A. Mathews & Company, the defendant in said cause. On said day, i. e., February 2, 1898, W. A. Mathews & Company executed a bond to dissolve said garnishment, of which the following is a copy: "State of Georgia, Fulton County. We, W. A. Mathews & Company, principal, and Jos. Jacobs, security, acknowledge ourselves jointly and severally bound unto Thomas L. Bishop, in the sum of $400.00, subject to the following conditions: That the said Bishop has an action pending in the city court of Atlanta, of said county, for the recovery of $200.00, which the said Bishop alleges is owing to him by the said W. A. Mathews & Company, and that Bishop has sued out summonses of garnishment, which summonses have been served upon the Third National Bank, Fourth National Bank, Atlanta National Bank. Now if the said W. A. Mathews & Company shall pay to the said Bishop the amount of the judgment that shall be rendered in said garnishment, then this bond to be void. Witness our hands and seals, this 2nd day of February, 1898. W. A. Mathews & Co. (Seal), Joseph Jacobs (Seal)." On March 8, 1898, the plaintiff recovered judgment in the main case of Bishop *v.* W. A. Mathews & Co., for $200 principal, $1.39 as interest to date of judgment, and costs of suit; and on the same date judgment was entered up on the dissolving bond filed in said cause against principal and surety therein. Upon this judgment upon said bond, execution was issued on March 8, 1898, on which execution there were several entries and transfers, by which several transfers it became the property of R. G. Taylor, by whom said judgment was sought to be enforced against Thomas J. Felder, by process of garnishment served upon the administrator of the estate of his mother, Lucy B. Felder. It was admitted that the property seized by the garnishment proceedings was the individual property of T. J. Felder, and that the partnership of W. A. Mathews & Company had no interest in the funds garnished. It was admitted that Thomas J. Felder was a member of the firm of W. A. Mathews & Co., at

the time of the commencement of the suit of Bishop *v.* W. A. Mathews & Co., at the time the dissolving bond was given, and at the time judgment was entered up on said dissolving bond in said case. It was admitted that W. A. Mathews signed the firm name to the said dissolving bond, without notifying or consulting his partner, the said T. J. Felder, and T. J. Felder had no knowledge thereof.

From the record in the main case of Bishop *v.* W. A. Mathews & Co., it appeared that no service of the suit was ever effected upon Thomas J. Felder personally, and that he had no knowledge of the suit; and, as he had not personally signed the dissolving bond, and had no notice thereof, the sole question presented to the judge trying the issue was whether or not the judgment entered up as aforesaid, upon said bond, bound the individual property of said Felder. The judge held that said judgment did not bind the individual property of Thomas J. Felder, and gave judgment against the traverse of the answer of the garnishee, and sustained said answer. To which ruling and judgment plaintiff excepts and assigns error, for the following reasons: It was contrary to law. It was contrary to the evidence. No facts are alleged in said answer that constitute a good defense to the enforcement of said judgment in this proceeding; and the court erred in sustaining said answer and overruling the traverse to the same, and in refusing to give judgment in favor of the plaintiff against the funds answered by the garnishee. The said dissolving bond was the undertaking and obligation of the firm of W. A. Mathews & Co., and was binding upon each member of said firm individually. The judgment entered up on said dissolving bond in said case was binding upon the said partnership and upon each partner individually, and upon the funds of said T. J. Felder in the hands of the garnishee.

In the briefs of the plaintiff in error and in the oral argument of his counsel an attempt is made to raise other points, such as that the trial court was without jurisdiction; but it will be seen, from the foregoing statement, taken almost verbatim from the direct bill of exceptions filed in the case, that no such points are made.

*George Gordon, Ellis, Wimbish & Ellis,* for plaintiff.

*Williams & Harper,* contra.

POWELL, J. (After stating the facts as above.)

By the Civil Code of 1895, §2638, "Judgments may be entered up and execution issue in the name of a firm or against a firm. And service of process on one partner, with a return of *non est inventus* as to the others, shall authorize a judgment against the firm, binding all the firm assets and the individual property of the one served." It is insisted that while Felder, on account of not being served in the original action, was not bound individually by the judgment then rendered, yet his partner, Mathews, had, as an incident of the partnership relation, the power to sign the firm name to the bond, thereby causing all the partners to appear, and rendering all individually bound by the judgment on the bond. Section 2639 of the Civil Code of 1895, which of course is implicitly a part of every contract of partnership in this State, provides: "In all legal proceedings wherein it becomes necessary for partners to give bond, any one of the partners may execute such bond in the firm name." It is undoubtedly true that any person voluntarily appearing and subjecting himself to the jurisdiction of the court, whether in person or through some other person authorized to act for him, becomes subject to such judgment as may be rendered. If it is the intention of our law that each partner is to have, as an incident to the contract of partnership, an agency authorizing him voluntarily to appear in court for partners not served, and to submit them individually to the jurisdiction of the court, then Felder could legally be held bound by the judgment on this bond; for such bonds submit both the principal and the surety thereon to the immediate judgment of the court whenever the initial liability, upon which they are conditioned, is established. It should be kept in mind, however, that the law, for many purposes, recognizes the partnership as an entity distinct from the members who compose it. Does section 2639 of the Civil Code, quoted above, confer the power on each partner to execute the bond on behalf of the partnership as an entity, or on behalf of the partnership as individuals? The section of the code last quoted should be construed in the light of the preceding section, and of the general law of partnership. Under the generally-recognized rule on the subject, "one partner has no implied power to enter an appearance in a suit except for the partnership, and can not, by such appearance, bind a partner per-

sonally and individually who is not within the jurisdiction and who has not been served with process." Phelps v. Brewer, 9 Cush. (Mass.) 390 (77 Am. D. 56) ; Bowler v. Hudson, 30 Gratt. (Va.) 266 (32 Am. R. 673) ; Hills v. Ross, 3 Dallas (U. S.), 331 (1 L. ed. 623) ; D'Arcy v. Ketchum, 11 How. (U. S.) 165 (13 L. ed. 648) ; Hall v. Launing, 91 U. S. 160 (23 L. ed. 271) ; Story on Partnership (7th ed.), §114, and note; Conley v. Chapman, 74 Ga. 709. Any partner may appear and defend a suit in the name of the partnership, and the judgment will bind the partner appearing and the partnership, but not individual unserved partners. Likewise, when in defence of an action instituted against a partnership a bond is permitted or required, any partner may in the name of the partnership execute the bond, and it will be the binding obligation of the partnership and of the partner making it. The filing of such a bond in court submits to the jurisdiction of the court the partnership and the partner executing the bond. The judgment thereon binds the property of the partnership and of the member who signed, but not the individual property of the other partners. This generalization, however, is not to be construed as deciding whether the other partners may not, by directing such a bond to be executed or by defending under it, or by other acts of ratification, make themselves individually liable upon it. See Freeman v. Carhart, 17 Ga. 348.

*Judgment affirmed.*