## 1873.    TAYLOR *v.* FELDER.

Actions at law upon contracts, express or implied, must be brought in the name of the party in whom the legal interest is vested.

Complaint; from city court of Atlanta—Judge Reid.    March 12, 1909.

Argued June 23,—Decided December 24, 1909.

*George Gordon,* for plaintiff.    *John D. Little,* for defendant.

POWELL, J.    The firm of W. A. Mathews & Company was composed of W. A. Mathews and Thomas J. Felder.    In 1898 Bishop filed suit on an open account against the firm of W. A. Mathews & Company, and service was perfected upon Mathews alone, Felder

being non-resident. After suit was filed, Bishop sued out a garnishment thereon, and caused the summons of garnishment to be served upon the Atlanta National Bank, impounding certain money deposited to the credit of W. A. Mathews & Company therein. In February, 1898, W. A. Mathews, in the firm name, executed a statutory dissolving bond, under Civil Code, § 4718, and gave Joseph Jacobs as his security; the obligation of the bond being that W. A. Mathews & Company should pay the amount recovered by Bishop in his proceedings. Bishop recovered $200, whereupon judgment was entered upon the dissolving bond for this amount against the firm of W. A. Mathews & Company, as principal, and Joseph Jacobs, as security. Execution was issued on this judgment. Jacobs, the surety, paid it off and caused the execution to be transferred to him. Afterward Jacobs transferred the execution to Taylor, the present plaintiff in error. Later Taylor attempted to enforce this judgment against Felder, who had returned to the State. That case came to this court and was decided at the October term, 1907. We held that the judgment in the garnishment proceedings, against the principal and surety on the dissolving bond, bound the partnership assets of W. A. Mathews & Company, and also bound the individual estate of Mathews, the partner who was served, but did not bind Felder, who was not served. See *Taylor* v. *Felder*, 3 *Ga. App.* 106 (59 S. E. 328). Taylor then instituted the present action upon the bond itself, setting up the facts recited above; the action having been begun by attachment, sued out in the city court of Atlanta. The case now comes to this court upon exception to the sustaining of a general demurrer to the declaration, which set up the facts which have just been recited.

It may be that, although Felder, on account of the lack of service on him, was not bound by the judgment rendered on the dissolving bond, he might be liable upon the original obligation of the bond as upon an indebtedness incurred by one of the partners in the firm name, for the benefit of the partnership. It may be that it is permissible to sue upon one of these dissolving bonds— that the right of action in the attachment case, to take judgment upon it without further action and immediately upon a recovery in the original suit, is not the only right of action of which the transaction admits. It may be that, under the authority of the case of *Ells* v. *Bone*, 71 *Ga.* 466, the liability of Felder upon the

bond was not merged into the former judgment, as to which we held in *Taylor* v. *Felder,* supra, he was not a party. Interesting as these questions are, it is not necessary to decide them in order to reach a proper determination of the case.

This is an action at law. Under the Civil Code, §4939, actions on contracts, express or implied, must be brought in the name of the party "in whom the legal interest in such contract is vested." Taylor is the party plaintiff in the present case, and the legal interest in this bond does not vest in him. Even if, when Jacobs paid off the execution, he became subrogated to all the rights of Bishop under the original judgment, and even if, when Jacobs transferred that execution to Taylor, he transferred those rights, he did not transfer the bond, nor the right of action, if any, which existed against Felder, and which was not merged in the original judgment. Even if Taylor had become the equitable owner of that right of action against Felder, he could not sue on it at law in his own name. The only form of action permissible to him would have been to have Bishop sue for his use. For this reason, if for no other, the declaration was subject to the general demurrer.

*Judgment affirmed.*