## 20965. THOMAS *v.* BLOODWORTH.

STEPHENS, J. 1. A motion to set aside a judgment, on the ground that a confession of judgment on which the judgment was rendered was obtained by fraud, failed to show such. fraud as would authorize the setting aside of the judgment, where the only alleged fraud consisted, not in the procurement of the execution of the document that constituted the confession of judgment, but in the suit, itself, which was one to recover for the defendant's conversion of money assigned to the plaintiff under a salary assignment, as having been based upon fraudulent transactions, such as that the assignment was made after the date of the alleged conversion, that the transaction was a loan, that the plaintiff had not credited the defendant with payments made upon the indebtedness, and that no copy of the assignment was attached as an exhibit to the petition, and also in the plaintiff's representing to the court as true the facts alleged in the petition.

2. Matters purely defensive and going in denial of the plaintiff's right to recover do not afford grounds to set aside a judgment. It is therefore no ground for the defendant's motion to set aside the judgment against him that the indebtedness sued on was discharged by bankruptcy.

3. "No confession of judgment shall be entered up . . unless the cause has been regularly sued out and docketed as in other cases." Civil Code (1910), § 5954. An allegation, in a motion to set aside a judgment rendered on a confession of judgment, that "at the time said confession was entered" the suit had not been docketed as provided in section 5954 of the Civil Code of 1910, constitutes ground for setting aside the judgment.

4. The affidavit to the petition for certiorari met the requirements of section 5184 of the Civil Code (1910).

5. The demurrer to the defendant's motion to set aside the judgment was improperly sustained, and the judge of the superior court erred in refusing to sanction the defendant's petition for certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 27, 1931. ADHERED TO ON REHEARING, OCTOBER 3, 1931.

*E. F. Goodrum, J. L. R. Boyd, V. K. Meador,* for plaintiff.
*L. U. Bloodworth, R. D. Feagin, R. R. Jackson,* for defendant.

ON REHEARING.

STEPHENS, J.   This case arises upon a bill of exceptions to a refusal of the judge of the superior court to sanction a petition for certiorari, wherein a defendant in a case in the municipal court of Macon excepted to a judgment in that court sustaining a demurrer to his motion to set aside a judgment rendered against him in that court.   It appeared, from the petition for certiorari, that the grounds of the motion to set aside the judgment were that the judgment, which had been rendered upon what purported to be a confession of judgment by the defendant, was invalid for various reasons, among them being that the purported confession of judgment had been obtained by fraud and that it had not been entered after the case had been "regularly sued out and docketed," as provided in section 5954 of the Civil Code of 1910.   It further appeared from the petition for certiorari that the judgment was rendered in an action to recover a sum representing an amount of money which the defendant had collected as wages due him from his employer after he had made an assignment of his wages to the plaintiff, that the petition was filed in the municipal court of Macon on January 18, 1930, and that there was attached to the petition an entry of the same date, signed by the defendant, in which he admitted the allegations of the petition, waived process, etc., and recited, "judgment confessed for the amount sued for;" that on January 20, 1930, a judgment on the confession was entered against the defendant in the sum of $450, the amount sued for, and court costs, and that to a motion to set aside this judgment, afterwards filed, a demurrer was, on August 8, 1930, sustained, and the motion dismissed.

Paragraphs 1, 2, and 4 of the syllabus need no elaboration.

3, 5.   Section 5954 of the Civil Code of 1910 reads as follows:

"No confession of judgment shall be entered up but in the county where the defendant resided at the commencement of the action, except expressly provided for by law, nor unless the cause has been regularly sued out and docketed as in other cases." This section is a codification of section 27 of the judiciary act of 1799 (see Cobb's Digest, p. 495), and is substantially in the words of that act, with the exception that it is also provided in the act that no confession of judgment shall be entered up "until such cause be called in order by the court for trial." This last clause was omitted from all the codes, but no record of any repeal of this provision of the act is found. Substantially the same provisions of section 27 of the judiciary act of 1799, relative to the time for entering a confession of judgment, are contained in each of the judiciary acts of 1792 and 1797. See Watkins' Digest, pp. 482, 630.

The expression "confession of judgment," as contained in the code section, has reference to the act of the defendant whereby he admits or confesses the right of the plaintiff to take a judgment against him, and not to the entering up, or rendition of, the judgment itself which is rendered upon the defendant's confession of judgment. The Supreme Court, in *Williams* v. *Atwood, 52 Ga.* 585, seems to take this view.

At common law, confessions of judgment were made after the action had been brought, except where the defendant, by warrant of attorney executed before action brought, authorized an attorney to confess judgment for him. See 3 Chitty's Practice, p. 664: "When a writ has already been issued against a defendant, a *cognovit actionem,* or in other words, a written confession of the action, subscribed by the defendant but not sealed, and authorizing the plaintiff to sign judgment and issue execution usually for a named sum, is a very usual mode of saving the expenses of further proceedings in action; though when no writ has been issued, the more usual security, having the same effect, is a *warrant of attorney."* See also 1 Tidd's Practice, 559; 1 Black on Judgments (2d ed.), § 51; 3 Freeman on Judgments (5th ed.), § 1302; 4 Enc. P. & P. 560; 11 Enc. P. & P. 973; 17 Am. & Eng. Enc. L. 765; 2 Bouvier's Law Dictionary (8th ed.), 1720, "Judgment." At common law, confessions of judgment which were made after the action was brought were of two classes: one before a plea was

filed, and the other after the plea was filed. A confession of judgment made before the plea was filed was denominated a "cognovit actionem," while a confession of judgment made after the plea was filed, and by which the plea was withdrawn, was denominated a "cognovit actionem relicta verificatione." The latter of course, could not be made until after the declaration was filed. The former, the cognovit actionem, although made after the action was brought, could be made before the filing of the declaration. As stated by Chitty in his work on Practice above referred to (p. 665) : "With respect to the *time* of giving a cognovit, although regularly, from the very nature of the instrument, and from its being properly an admission of the statement in the plaintiff's declaration, and should therefore strictly not precede it, yet it has long been held that a cognovit before declaration is valid." Also, as stated by Tidd in the work on Practice referred to, which was published about 1828 (p. 559) : "An opinion formerly prevailed, that the confession of an action could not regularly be made *before* declaration, and particularly if the cause of action were not expressed 'in the process; for if a bill of *Middlesex* or *latitat,* &c., were sued out in a plea of *trespass,* the confession of that action it was supposed would be nugatory; and therefore in such case, if the parties compromised before declaration, a warrant of attorney to confess judgment should have been taken, instead of a cognovit, as a security for the debt and costs. But it is said to have been the constant practice in the Common Pleas to take cognovits before declaration, and judgments have been entered thereon; which practice was recognized, in a late case, by that court." Citing Webb *v.* Aspinall, 7 Taunton (1817), 701, where it was held that a cognovit given after process sued out, and before the declaration, was good; and that this was true notwithstanding an opinion had prevailed that a cognovit could not be taken out until after the declaration. See also Wade *v.* Swift, 8 Price, 513.

Actions at common law were commenced by the issuance of the writ, and not by the filing of the declaration as in this State pursuant to the judiciary acts referred to. It would therefore seem that the legislature, in making provision, in the several judiciary acts, as to the time when a confession of judgment should be entered, intended to recognize the common-law rule, which perhaps was already the law by virtue of our adopting act of 1784,

48

that a confession of judgment could not be entered until after the commencement of the action, but, in order to avoid any confusion that might arise as to whether the confession should be entered before or after the filing of the petition (which was equivalent to the declaration at common law), provided that no confession of judgment should be entered until after the petition has been filed and the suit regularly docketed. It may be noted that the legislature, by the act of December 23, 1843 (Ga. L. 1843, p. 126), which is codified in section 5551 of the Civil Code of 1910, provided that the filing of the writ in office should be regarded and considered the commencement of action.

A confession of judgment is not "entered up" until it is filed in court. Although it may be made and entered on the petition before the petition is filed, and may be filed with the petition, it is thereby "entered up" *simultaneously* with the filing of the petition and not *after* the case has "been regularly sued out and docketed."

The confession of judgment in this case, not having been entered up *after* the case had been regularly sued out and docketed, as required by section 5954 of the Civil Code of 1910, a judgment entered thereon was void, and the trial judge erred in not sustaining the motion to set it aside upon that ground. The superior-court judge therefore erred in refusing to sanction the defendant's petition for certiorari.

See generally, in this connection, 34 C. J. 97 et seq; Farquhar v. DeHaven, 70 W. Va. 738 (75 S. E. 65, 40 L. R. A. (N. S.) 956, Ann. Cas. 1914A, 640; French v. Willer, 126 Ill. 611 (18 N. E. 811, 2 L. R. A. 717, 9 Am. St. R. 651); First National Bank v. White, 220 Mo. 717 (120 S. W. 36, 16 Ann. Cas. 889); Mason v. Ward, 80 Vt. 290 (67 Atl. 820, 130 Am. St. R. 987); Little v. Dyer, 138 Ill. 272 (27 N. E. 905, 32 Am. St. R. 140); Saunders v. Lipscomb, 90 Va. 647 (19 S. E. 450); *Rogers* v. *Bowen,* 19 *Ga.* 596; Davis v. Hughes, 7 Term R. 206.

*Judgment adhered to. Jenkins, P. J., and Bell, J., concur.*