## 35512.   COCKE *v.* TRUSLOW.

DECIDED MARCH 17, 1955.

*Walter E. Baker, Jr.*, for plaintiff in error.

*Fisher & Phillips, T. Charles Allen*, contra.

GARDNER, P. J. There are a few cases in Georgia directly in point with the facts in the instant case, and abundant authorities in decisions of other States, and other recognized authorities regarding the question. In the instant case, the defendant authorized "any attorney of record to appear in any court . . . and confess judgment." The promissory notes in the instant case containing the warrants of an attorney to confess judgment are State of Maryland contracts, payable at a Maryland bank and subject to Maryland law. By this warrant of attorney the defendant authorizes the attorney for the plaintiff to appear and confess judgment, and by so doing the defendant waived process and personal service. It is a general rule that a warrant or power of attorney by its own terms either includes or operates as a waiver of process, and authorizes a judgment to be confessed in accordance, without notice, to the grantor. See 49 C. J. S. 281, § 154, citing Baggett *v.* Alabama Chemical Co., 156 Ala. 637 (47 So. 102), and Carroll *v.* Gore, 106 Fla. 582 (143 So. 633). We might in this connection call attention to Morris *v.* Douglas, 262 N. Y. State, 712, 714. That jurisdiction held that the confessed judgment entered in an Ohio court was entitled to full faith and credit in the New York jurisdiction, even though the defendant, a nonresident of Ohio, had not been personally served. See also Ohio Bureau of Credits *v.* Steinberg, 26 Ala. App. 515 (199 So.

246). In 50 C. J. S., pp. 476, 477, the authority said: "A judgment by confession, if valid where rendered, will be recognized and enforced in all other states, even though such judgments are contrary to the laws and policy of the state where recognition of the judgment is sought. A judgment by confession rendered in one state will be enforced and recognized in all other states, even though such judgments are not authorized in the state where recognition of the judgment is sought or are contrary to its laws and policy. Such judgments are within the full faith and credit clause of the federal Constitution, and validity and effect of a judgment by confession is to be determined by the law of the state where the judgment was rendered and, if valid and enforceable there, it is equally so in all other states. These rules apply to a judgment by confession entered on a warrant of attorney without personal service on defendant even though defendant was not a resident of the state where the judgment was rendered. A judgment by confession entered on a warrant of attorney without service of process on defendant, if valid where rendered, is conclusive in another state in every respect except as to matters which affect the warrant."

. Our attention has been called to certain authorities as sustaining the position of the defendant. We will take up these cases separately. They are *Cooledge* v. *Casey*, 58 *Ga. App.* 134 (198 S. E. 96), which did not involve the question of a warrant of an attorney to "appear and confess judgment"—the instant case does so. The court in that case pointed out that it was not shown that under Alabama law the court had jurisdiction, or that the defendant in the case had waived jurisdiction. Under its facts, that case has no application to the case at bar.

*Conley* v. *Chapman*, 74 *Ga.* 709, dealt with the degree of full faith and credit which might be given in a New Jersey judgment against a defendant served personally in New Jersey. The defendant in the instant case argues as to non-service of codefendants. However, this has no merit, inasmuch as the court in the *Conley* case specifically stated that the question of the personal service or non-service of the codefendants was not dealt with. This case is not authority upon which to base a reversal of the case at bar.

*Lurey* v. *Jos. S. Cohen & Sons Co.*, 86 *Ga. App.* 356 (71 S. E.

2d 689), is different from the case at bar in that there was no warrant of attorney to appear and confess judgment. Other different facts also appear. During the course of the decision, Judge Carlisle, speaking for the court, said: "None of the usual presumptions of waiver of jurisdiction of the person, that the defendant voluntarily appeared in person or by attorney . . . can be indulged in under the facts of this case."

*Pink* v. *A.A.A. Highway Express,* 191 *Ga.* 502 (13 S. E. 2d 337), concerns assessment of alleged members of a foreign insurance company. The order of assessment was entered by New York courts. In dealing with the question there before our Supreme Court (not on the same facts as in the case at bar, however), the court held that the order of assessment of the New York court was conclusive as to every stockholder, but that the Georgia stockholders were entitled to be heard on the subject, and therefore judgment of the New York court did not amount to a judgment that the Georgia defendants were stockholders.

The Maryland court acquired jurisdiction by reason of the warrant of attorney to confess judgment. Therefore, Code § 110-709 is not applicable. For the benefit of the bar, we quote that section: "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it."

It is a true statement of law that the courts of Georgia will not enforce the laws or judgments of other States where such enforcement is contrary to the policy of this State as expressed by statute. It is also true that, should the laws or judgments of another State contravene the policy of our laws, then such would not be honored in Georgia.

Full faith and credit is given by Georgia courts to valid judgments from other States, where such judgments do not contravene our own laws. A valid judgment by confession of an attorney in a Maryland court is not such a judgment as would be contravened by the provisions of Code §§ 110-601, 110-602, and 110-603.

*Christopher* v. *Christopher,* 198 *Ga.* 361 (31 S. E. 2d 318), concerned a Mexican divorce case. The full faith and credit clause does not apply to judgments of foreign countries.

Since the facts in the following cases are so different from those

in the instant case, we see no purpose to be gained by going into each case individually. Those cases are: *Sally* v. *Bank of Union*, 150 *Ga.* 281 (103 S. E. 460) ; *Shore Acres Properties* v. *Morgan*, 44 *Ga. App.* 128 (160 S. E. 705); *Ulman, Magill & Jordan Woolen Co.* v. *Magill*, 155 *Ga.* 555 (117 S. E. 657) ; *Kent* v. *Hair*, 60 *Ga. App.* 652 (4 S. E. 2d 703) ; *Benton* v. *Singleton*, 114 *Ga.* 548 (40 S. E. 811) ; *Cochran* v. *Cochran*, 173 *Ga.* 856 (162 S. E. 99) ; *Brandon* v. *Brandon*, 154 *Ga.* 661 (115 S. E. 115) ; and *Elliot* v. *Elliot*, 181 *Ga.* 545 (182 S. E. 845).

We do not think that *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44 (160 S. E. 709), shows authority sufficient to prevent the clerk of the Maryland court from entering a judgment against the defendant in the instant case. It will be noted that in the *Thomas* case all parties were residents of Georgia, whereas in the case at bar we are dealing with the authority of an attorney to confess judgment in Maryland, according to the laws of Maryland, against a resident of Georgia. The *Thomas* case involved fraud, among other things. Not so in the instant case.

We think that the warrant of attorney contained in the notes gave the attorney authority to take judgment without process or notice. The trial court did not err in its judgment overruling the general demurrers.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*