22106.   PACOLET MANUFACTURING COMPANY
v. CRESCENT TEXTILES, INC.

Argued September 11, 1963—Decided October 10, 1963.

*Gambrell & Mobley, Whelchel, Dunlap & Gignilliat,* for plaintiff in error.

*Hiers, Etheridge & Harland, Harry L. Cashin, Jr.,* contra.

Head, Presiding Justice.   Pacolet Manufacturing Company filed an action against Crescent Textiles, Inc., to recover on a judgment issued by the Supreme Court of the State of New York, duly certified as provided by the Acts of Congress.   By amendment the plaintiff attached as an exhibit, and made a part of its amended petition, a photostatic copy of the contract between the parties.   The defendant failed to renew its general demurrers to the petition as amended, but made an oral motion in the nature of a general demurrer to strike the petition as amended, on the ground that it failed to state a cause of action. This motion was denied and a summary judgment was rendered for the plaintiff. On review the Court of Appeals reversed, holding that the trial court erred in denying the motion to strike. This court granted the plaintiff's petition for certiorari.

Where a petition is fatally defective in that it does not set forth a cause of action, it may be attacked by an oral motion to dismiss in the nature of a general demurrer at any time before

verdict. *Richmond & Danville R. Co. v. Mitchell,* 95 Ga. 78, 82 (22 SE 124); *Bennett v. Rewis,* 211 Ga. 507, 509 (87 SE2d 52). The properly pleaded allegations of a petition will, however, be taken as true on general demurrer. *Price v. Price,* 205 Ga. 623, 629 (54 SE2d 578).

In the present case the contract between the parties provides in part as follows: "A controversy arising under, or in relation to, this contract shall be settled by arbitration. If the parties are unable to agree respecting time, place, method or rules of the arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry and the parties consent to the jurisdiction of the Supreme Court of said State and, further consent that any process or notice of motion or other application to the Court or a Judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed." Pursuant to this provision of the contract an arbitration was duly had and the defendant participated therein. Thereafter the plaintiff made a motion in the Supreme Court of New York (the trial court of general jurisdiction) to confirm the award of the arbitrators and enter judgment thereon. This motion was served by registered mail upon the defendant and its attorneys. There was no appearance for the defendant in the Supreme Court of New York.

The Georgia Court of Appeals held that "where the foreign judgment is attached to and made a part of the petition, and shows on its face that the judgment, entered in the Supreme Court of New York in and for the County of New York, is against a nonresident defendant, a resident of the State of Georgia, and that the only service effected was extraterritorial service by registered mail, the judgment is void on its face in the absence of a further showing that the nonresident defendant, by appearing and pleading or by some other means of waiving service known to law, submitted himself to the jurisdiction of the court." *Crescent Textiles, Inc. v. Pacolet Mfg. Co.,* 107 Ga. App. 700 (2) (131 SE2d 649). In so holding the Court of Ap-

peals failed to give effect to the rights of the parties under the contract and applicable rules of law. The long established rule that courts generally have no extraterritorial jurisdiction is not applicable to the facts in the present case.

The parties waived the question pertaining to jurisdiction as related to performance of the contract and provided that all rights of the parties based upon any alleged nonperformance by either party would be submitted to arbitration in New York, and that notice of further proceedings in the courts of New York might be served by registered mail. It has been the rule in this State for more than a hundred years that a party may waive his constitutional and statutory rights. *Humphries v. McWhorter & Brightwell*, 25 Ga. 37, 39; *Bradford v. Mills*, 208 Ga. 198 (66 SE2d 58); *Webb v. Henlery*, 209 Ga. 447, 449 (74 SE2d 7); *Lamon v. Georgia Southern &c. R. Co.*, 212 Ga. 63, 67 (90 SE2d 658). It is likewise the settled rule in this State that when a contract is made in one place to be performed in another, the contract, in conformity with the presumed intention of the parties, is to be governed by the law of the place of performance. *Vanzant, Jones & Co. v. Arnold, Hamilton & Johnson*, 31 Ga. 210, 213; *Dunn v. Welsh*, 62 Ga. 241; *Motz v. Alropa Corp.*, 192 Ga. 176 (15 SE2d 237).

Under the applicable provision of the Civil Practice Act of the State of New York (cited in the judgment of the Supreme Court of New York) the agreement of the parties in the present case is "a consent of the parties thereto to the jurisdiction of the supreme court" to enforce the performance of the contract. Gantt v. Hurtado & Cia., 297 N. Y. 433 (79 NE2d 815). Statutes of another State will be construed by the courts of this State in accordance with the construction placed thereon by the courts of such state. *Bugg v. Consolidated Grocery Co.*, 155 Ga. 550, 552 (118 SE 56); *Murray v. Miller*, 157 Ga. 11, 14 (121 SE 113).

The Court of Appeals erred in reversing the order of the trial judge denying the oral motion of the defendant to strike the petition.

*Judgment reversed. All the Justices concur.*