## 55792. PARKER v. FIDELITY BANK.

DEEN, Presiding Judge.

The appellee bank filed an unverified complaint in the State Court of Fulton County against Parker, Count 1 of which alleged that it was a suit on a judgment obtained in case no. 74-9046, Court of Common Pleas of Montgomery County, Pennsylvania as per a copy attached as an exhibit. The exemplified copy docket and judgment entries establish that an attorney for the bank appeared and confessed judgment for Parker in the principal sum of $320,000 on June 21, 1974, in case no. 74-9046 in the Pennsylvania court, but do not indicate by what authority or for what reason the plaintiff's attorney confessed judgment for the defendant in that court. Subsequently, the plaintiff filed an unverified motion for summary judgment as to this count which was granted by the trial court. The defendant filed an additional affidavit, apparently in opposition to the motion, to the effect that his place of residence from 1950 to the present was and is Fulton County, Georgia, and that he had never received any notification of the Pennsylvania action "prior to receiving through the United States Mail a notification that judgment in such case had previously

been taken by confession by the attorney for the plaintiff therein." *Held:*

1. A defendant debtor may, by prior agreement, waive his otherwise enforceable rights to notice and personal service, and agree to the confession of judgment against him in the court of another state. *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268 (133 SE2d 96) (1963); *Cocke v. Truslow,* 91 Ga. App. 645 (86 SE2d 686) (1955).

2. Under Code § 81A-143 (b) facts not otherwise appearing of record may be presented in support of motions by affidavit, oral testimony, or deposition. The summary judgment motion is to be decided, under Code § 81A-156 (c) based on the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits. In addition to both of these applicable statutory statements we may include facts admitted or stipulated to by both parties. Additionally, if the facts be construed, as they must, strongly against the movant seeking the summary judgment, we might take notice of an affidavit attached by the defendant to his brief but styled "In opposition to the motion for summary judgment" in which he avers that the judgment of June 21, 1974, in case no. 74-9046 was for an indebtedness, a part of which is evidenced by a promissory note, copy attached, which contains no authorization for confession of judgment, and that he "did not knowingly execute in favor of the Fidelity Bank a promissory note which authorized the payee therein or an agent of the payee therein to confess judgment against the defendant." Accordingly, the above stated facts, construed as they must be against the movant, do not authorize a judgment in favor of the latter based on an authorization for confession of judgment not in evidence. See also *Bodrey v. Cape,* 120 Ga. App. 859, 860 (172 SE2d 643) (1969).

3. In granting the motion, the trial judge was obviously led astray by the fact that the plaintiff did attach to his brief certain unverified documents, including a note dated May 31, 1974, on which it contends the June 21, 1974, judgment was based, and which note appears to be signed by Parker and to contain a valid provision authorizing a confession of judgment in the Pennsylvania court. Therefore, the note is not evidence,

is not stipulated to, and is not uncontested as the basis for the foreign judgment. Under these circumstances the grant of a summary judgment to the plaintiff was error.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MAY 1, 1978 — DECIDED MAY 17, 1978.

*Grizzard, Simons & Martin, Eugene R. Simons,* for appellant.

*Michael N. Mantegna,* for appellee.