### 58131. MELNICK v. BANK OF HIGHWOOD.

QUILLIAN, Presiding Judge.

Defendant Melnick appeals from the grant of summary judgment to the plaintiff bank's action to domesticate a judgment obtained via a confession of judgment clause in a promissory note executed by Melnick. Defendant also appeals from a denial of his motion for summary judgment. *Held:*

1. It is alleged the court erred in granting plaintiff's motion for summary judgment "because no evidence of Illinois Law was submitted to the trial court demonstrating the validity in that state of a confession judgment." Addressing the enumeration directly on the issue specified—there is no requirement for a plaintiff to introduce foreign law to demonstrate the validity of his judgment. "The full faith and credit clause of the U. S. Constitution (Art. IV, Sec. I; Code § 1-401) requires the courts of this State to give effect to a [judgment] granted in a sister State when the same is properly proved in a proceeding in which it may be relevant." *Spadea v. Spadea,* 225 Ga. 80, 82 (165 SE2d 836). The judicial proceedings and judgments of the courts of record of our sister states "shall be proved or admitted in other courts within this State by the attestation of the clerk and seal of

the court annexed . . . together with a certificate of a judge of the court that the said attestation is in proper form." Code Ann. § 38-627 (Code § 38-627). The judgment of the Illinois court was properly exemplified by the clerk's attestation and seal, together with the certificate of the judge of that court. "[A] prima facie case is made by alleging and proving a properly authenticated copy of the judgment itself." *Heakes v. Heakes,* 157 Ga. 863 (2) (122 SE 777); *Lurey v. Jos. S. Cohen &c. Co.,* 86 Ga. App. 356, 362-363 (71 SE2d 689).

Defendant argues other issues of law on appeal but those are not included within the enumeration and will not be considered. The enumeration attacks the validity of the Illinois judgment on a confession of judgment. We have held that "a judgment rendered by a competent court of another State is conclusive on the merits in the courts of this State when made the basis of an action or defense, and the merits can not be reinvestigated." *Bailey v. L. & N. R. Co.,* 117 Ga. App. 185, 191 (160 SE2d 245). "The foreign judgment [is] conclusive as to all matters which were decided or could have been heard at the time of the obtaining of the foreign judgment . . ." *Flagship Builders v. Sentinel Star Co.,* 143 Ga. App. 624, 626 (239 SE2d 235); *Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514). The Illinois record shows such issue was not raised therein and we will not now consider it. *Gordon v. Gordon,* 237 Ga. 171, 172 (227 SE2d 53).

A judgment obtained in a foreign state in an action upon a note which contained a confession of judgment clause, where — as here, an attorney appeared for the defendant, and personal service was obtained upon the nonresident defendant in Georgia, is not contrary to the policy or laws of this state as stated in Code Ann. §§ 110-601, 110-602, and 110-603, and is entitled to full faith and credit. *Cocke v. Truslow,* 91 Ga. App. 645 (86 SE2d 686); see also *Parker v. Fidelity Bank,* 146 Ga. App. 52 (1) (245 SE2d 364); *Pacolet Mfg. Co. v. Crescent Textiles,* 219 Ga. 268, 270 (133 SE2d 96); *Dropkin v. Dropkin,* 237 Ga. 768, 771 (229 SE2d 621); Annot: 39 ALR2d 1232.

2. The second enumeration contends "there was no competent evidence in the record to support the Illinois bank's right to a confession judgment." The exemplified

record introduced by plaintiff in the instant case contains the complaint, a confession of judgment by an attorney averring he is counsel for the defendant Melnick, the judgment order, the collateral promissory note — signed by the defendant, the attached guaranty — signed by the defendant, both of which contain a confession of judgment clause. Further documents show issuance by the Illinois court of a summons to confirm judgment by confession addressed to the defendant, and an accompanying return of service by a Fulton County Deputy Sheriff showing personal service upon the defendant, a subsequent confirmation of the earlier judgment after a hearing, and a final memorandum of judgment.

As stated above, these records of the Illinois court were properly exemplified in accordance with our Code. They established a prima facie case and were entitled to full faith and credit. Accordingly — under the enumeration as stated — there was sufficient competent evidence in the record to support the plaintiff's right to a confession of judgment in Illinois.

Defendant argues that *Parker v. Fidelity Bank,* 146 Ga. App. 52, supra, is "virtually identical to the instant one" and requires reversal. We can not agree with either contention. In *Parker* we held "the trial judge was obviously led astray" by "certain unverified documents" attached "to his brief." 146 Ga. 52 at 53. In the instant case all evidence for plaintiff was exemplified in accordance with our Code and admissible as evidence. This enumeration is without merit.

3. Judgment for plaintiff being authorized, denial of defendant's motion for summary judgment was not error.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 7, 1979.

*Frank A. Lightmas, Jr., W. Kimball Griffith,* for appellant.

*Sheldon R. Wittner,* for appellee.