67646. SNYDER et al. v. CABLE NEWS NETWORK.

BENHAM, Judge.

Appellee-Cable News Network (CNN) brought suit in Fulton County against appellant alleging that appellant was indebted to CNN for services rendered. A default judgment was entered in favor of CNN when appellant failed to appear for trial. Appellant filed motions to set aside the default judgment and for new trial. The trial court's denial of those motions precipitated the present appeal.

CNN's complaint alleged that appellant could be served with process at 6650 Crescent Drive, Ventura, California. He was, in fact, served at 971 Scenic Way, Ventura, California. Appellant failed to include a return address in his answer as required by OCGA § 9-11-11 (a), but claimed that his correct address was 6650-5 Crescent Street, Ventura, California. Notice of the pending case was published in the legal organ of Fulton County two weeks before the case was to come to trial, and notice was also mailed to appellant at the address stated in the complaint. As noted above, appellant failed to appear when his case was called to trial and, as a result, the trial court entered a de-

fault judgment against him. When CNN sought domestication of the Georgia default judgment in the Superior Court of Ventura County, California, appellant moved the California court to vacate the Georgia default judgment on the ground that he was improperly notified of the Georgia trial date. After a hearing, the California court held that notice of the Georgia trial date was sufficient and allowed the judgment to be domesticated in California. Appellant then filed his motions to set aside and for new trial in Fulton County, claiming he was not given proper notice of the trial.

"[U]nder the full faith and credit clause of the constitution [cits.] a judgment of a court of competent jurisdiction in [California], if properly proved, may have the effect of former adjudication in matters pending in the courts of this State. [Cits.]" *Roadway Express Inc. v. McBroom*, 61 Ga. App. 223, 224 (6 SE2d 460) (1939). A " 'foreign judgment is conclusive as to all matters which were decided or could have been heard at the time of the obtaining of the foreign judgment . . .' [Cits.]" *Melnick v. Bank of Highwood*, 151 Ga. App. 261, 262 (259 SE2d 667) (1979). The domestication proceeding in the California court was contested by appellant on the precise issue appellant requests this court to consider on appeal. Inasmuch as the court in California has ruled on the adequacy of appellant's notice of trial, appellant is estopped from reasserting the identical claim in this state. Accordingly, the trial court properly denied appellant's motions to set aside the default judgment and for new trial.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 21, 1984.

*Paul J. Stalcup*, for appellants.
*Lawrence S. Burnat, Lynn C. Stewart*, for appellee.