72472. LACY et al. v. CERAVOLO.
(348 SE2d 726)

CARLEY, Judge.

The instant action was initiated to domesticate an Alabama judgment and to secure other relief against appellant-defendant. Appellee-plaintiff subsequently moved for partial summary judgment as to the domestication issue. The trial court, after conducting a hearing, granted partial summary judgment in favor of appellee, from which order appellant appeals.

In determining whether summary judgment was properly granted, the following facts are relevant: Naming appellant and others as defendants, an Alabama bank brought suit in that state ("the First Suit"). Insofar as it is relevant here, this First Suit resulted in a $78,929.64 judgment in favor of the bank against appellant individually. Thereafter, the bank brought yet another suit in Alabama ("the Second Suit"). Appellant, who had been named as a defendant in the First Suit, was not named as a defendant in the Second Suit. Appellee, who had not been named as a defendant in the First Suit, was named as a defendant in the Second Suit. The Second Suit never proceeded to judgment. In consideration of a sum paid by appellee, the bank agreed to settle "all claims . . . against [appellee] and all defendants named in [the Second Suit]." In addition, the bank specifically assigned to appellee "so much of its judgment in [the First Suit] as stands against [appellant], one of the judgment defendants in that

case." It was in his capacity as the assignee-judgment creditor that appellee sought and secured summary judgment in the instant action domesticating the Alabama judgment against appellant in the First Suit.

Asserting that it appears to be a question of first impression in Georgia, appellant urges that it was error to domesticate the Alabama judgment after the following principle: "Payment of a judgment by one of two or more joint defendants usually operates as a satisfaction and extinguishment of the judgment as to all. . . . As a general rule, in the absence of a statute to the contrary, it is not competent for one of the joint defendants on paying the judgment to take an assignment of it to himself . . . so as to wield it against his co-defendant, and it is none the less extinguished by the payment, although such an assignment is made. . . ." 49 CJS, Judgments, § 555.

The consequences which result from payment by one defendant of a joint judgment and of his receipt back of an assignment from the judgment-creditor is *not* one of first impression in this State. See *Register v. Southern States Phosphate &c. Co.*, 157 Ga. 561 (122 SE 323) (1923). However, the Georgia rules which attach in such circumstances have no application in the instant case. As to appellant, appellee did not pay a joint judgment. The only payment made by him was in *settlement* of the Second Suit, in which action appellant was not a party. Moreover, appellee is *not* a joint defendant as to the underlying judgment in the First Suit, which individual judgment against appellant it is that appellee now seeks to domesticate as the assignee thereof. Arguably, the Second Suit may have been initiated so as to *facilitate* the bank's ultimate collection of the various judgments in the First Suit. However, the Second Suit was certainly not an effort on the part of the bank to *enforce* the already existing judgments in the First Suit.

"A person in whose favor a judgment has been entered . . . may bona fide and for a valuable consideration transfer any judgment to a third person. In all such cases the transferee of any judgment shall have the same rights and shall be subject to the same equities and to the same defenses as was the original holder of the judgment." OCGA § 9-12-21. In support of its motion for summary judgment, appellee established a prima facie case of entitlement to domestication of the Alabama judgment in the First Suit. See generally *Melnick v. Bank of Highwood*, 151 Ga. App. 261 (259 SE2d 667) (1979). In opposition, appellant produced nothing which would show that the individual judgment against him in the First Suit was not entitled to full faith and credit and that appellee, as assignee of the judgment, was not entitled to have it domesticated. The trial court did not err in granting partial summary judgment in favor of appellee. *Melnick v. Bank of Highwood*, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED SEPTEMBER 17, 1986.

*James J. Brissette, Furman Smith, Jr.*, for appellants.
*William R. Waldrop*, for appellee.